## UNITED STATES *v.* ALABAMA et al.

No. 398. Argued May 2, 1960.—Decided May 16, 1960.

*Solicitor General Rankin* argued the cause for the United States. With him on the brief were *Acting Assistant Attorney General Ryan, Harold H. Greene, D. Robert Owen* and *David Rubin.*

*Gordon Madison* and *Nicholas S. Hare,* Assistant Attorneys General of Alabama, argued the cause for respondents. With them on the brief were *MacDonald Gallion,* Attorney General, and *Lawrence K. Andrews.*

Per Curiam.

Alleging a course of racially discriminatory practices calculated to deprive Negro citizens of their voting rights in violation of the Fifteenth Amendment to the Constitution of the United States and Part IV of the Civil

Rights Act of 1957, 71 Stat. 637, 42 U. S. C. § 1971 (a),[1] the United States, proceeding under 42 U. S. C. § 1971 (c),[2] brought this action against the Board of Registrars of Macon County, Alabama, and the two individual respondents as members thereof, for declaratory and injunctive relief. Thereafter the Government amended its complaint so as to join the State of Alabama as a party defendant.

The District Court dismissed the complaint as to all defendants. It held (1) that the individual respondents had been sued only as Registrars, and that having under Alabama law effectively resigned their offices they were not suable in their official capacities; (2) that the Board of Registrars was not a suable legal entity; and (3) that the Civil Rights Act of 1957 did not authorize this action against the State. 171 F. Supp. 720. The Court of Appeals, sustaining each of these holdings, affirmed. 267

[1] Section 1 of the Fifteenth Amendment provides: "The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude."

42 U. S. C. § 1971 (a) provides: "All citizens of the United States who are otherwise qualified by law to vote at any election by the people in any State, Territory, district, county, city, parish, township, school district, municipality, or other territorial subdivision, shall be entitled and allowed to vote at all such elections, without distinction of race, color, or previous condition of servitude; any constitution, law, custom, usage, or regulation of any State or Territory, or by or under its authority, to the contrary notwithstanding."

[2] 42 U. S. C. § 1971 (c) provides: "Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice which would deprive any other person of any right or privilege secured by subsection (a) . . . the Attorney General may institute for the United States, or in the name of the United States, a civil action or other proper proceeding for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order. In any proceeding hereunder the United States shall be liable for costs the same as a private person."

F. 2d 808. Because of the importance of the issues involved we brought the case here. 361 U. S. 893.

Shortly before the case was heard in this Court on May 2, 1960, Congress passed the Civil Rights Act of 1960. The bill was signed by the President on May 6, 1960, and has now become law. Act of May 6, 1960, 74 Stat. 86. Among other things § 601 (b) of that Act amends 42 U. S. C. § 1971 (c) by expressly authorizing actions such as this to be brought against a State.[3] Under familiar principles, the case must be decided on the basis of law now controlling, and the provisions of § 601 (b) are applicable to this litigation. *American Foundries* v. *Tri-City Council,* 257 U. S. 184, 201; *Hines* v. *Davidowitz,* 312 U. S. 52, 60; see also *Reynolds* v. *United States,* 292 U. S. 443, 449.

We hold that by virtue of the provisions of that section the District Court has jurisdiction to entertain this action against the State. In so holding we do not reach, or intimate any view upon, any of the issues decided below, the merits of the controversy, or any defenses, constitutional or otherwise, that may be asserted by the State.

Accordingly, the judgments of the Court of Appeals and the District Court will be vacated, and the case remanded to the District Court for the Middle District of Alabama with instructions to reinstate the action as to the State of Alabama, and for further proceedings consistent with this opinion.

*It is so ordered.*

---

[3] Section 601 (b) provides: "Whenever, in a proceeding instituted under this subsection [42 U. S. C. § 1971 (c)] any official of a State or subdivision thereof is alleged to have committed any act or practice constituting a deprivation of any right or privilege secured by subsection (a), the act or practice shall also be deemed that of the State and the State may be joined as a party defendant and, if, prior to the institution of such proceeding, such official has resigned or has been relieved of his office and no successor has assumed such office, the proceeding may be instituted against the State."