**UNITED STATES of America,**
**Appellant,**

**v.**

**Katherine WARD (Louisiana), Registrar of Voters of Madison Parish, Louisiana, and the State of Louisiana, Appellees.**

**No. 21235.**

United States Court of Appeals
Fifth Circuit.

Oct. 21, 1965.

Harold H. Greene, Gerald P. Choppin, Alan G. Marer, Attys., Dept. of Justice, Washington, D. C., for appellant.

Jack P. F. Gremillion, Atty. Gen. of Louisiana, Harry Fuller, Carroll Buck and Harry J. Kron, Jr., Asst. Attys. Gen., Thompson L. Clarke, St. Joseph, La., for appellees.

Before. MARIS,* RIVES and BROWN, Circuit Judges.

PER CURIAM.

■ Although we granted the freezing relief sought by the Government and directed the entry of a precise decree, the Government has filed a petition for rehearing. This is occasioned by a change in the law which we must now apply. United States v. Alabama, 1960, 362 U. S. 602, 80 S.Ct. 924, 4 L.Ed.2d 982; Ziffrin, Inc. v. United States, 1943, 318 U. S. 73, 63 S.Ct. 465, 87 L.Ed. 621; Vandenbark v. Owens-Illinois Glass Co., 1941, 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327. This comes about from the fact that our decision, announced August 11, 1965 (349 F.2d 795, No. 21235), almost coincided with the enactment on August 6, 1965, of the Voting Rights Act of 1965 (Pub.L.No.89–110, 89th Cong., 1st Sess., 79 Stat. 437, 42 U.S.C.A. § 1973 et seq.).

The Government points out that in several material respects there is a marked change in the law. To effectuate these changes, the Government's supporting brief included a proposed decree. The Court expressly invited the Registrar, the State of Louisiana, and the Louisiana Attorney General to file a response covering specific suggestions concerning the proposed modification together with any counter proposals. But no response whatever was received. For reasons briefly summarized, by the decree set forth in the Appendix we adopt substantially the Government's proposed modification.

■ On August 7, 1965, the United States Attorney General and the Director of Census made and published (30 Fed. Reg. 9897) the determinations as to Louisiana under § 4(b). The effect of this is to eliminate any state-imposed voter qualification "test or device," § 4(a), including of significance here those requiring demonstration of "(1) * * * ability to read, write, understand, or interpret any matter, (2) * * * educational achievement or * * * knowledge of any particular subject," or possession of "(3) * * * good moral

character." [1] § 4(c). Likewise, until declaratory judgment or administrative consent is first obtained, § 5 of the Act restricts Louisiana to the use of voter qualifications, practices, or procedures in force and effect on November 1, 1964.

The result is that where under our developing "freeze" principles, we required that the less exacting practices followed up to August 31, 1962, in the registration of white applicants be extended to all for a period of two years, the 1965 Act extends the period initially to five years and forbids outright for such time every defined voter qualification "test or device" whether previously applied to whites or not. In applying the plain requirements of the Act, we do not undertake to pass on the validity, constitutionality, or interpretation of the Act. If by the procedures specified in § 14(b), or otherwise, the law is determined to be invalid or the provisions of the Act applied here are otherwise construed, the decree prescribed herein should be suitably modified. The same is true as to any declaratory judgment determinations by the District Court for the District of Columbia that the use of any such test or device in voter qualification to achieve discrimination has ceased. See, e. g., §§ 4(a), 5.

In addition to these required by the 1965 Act, we have adopted some further suggested changes to eliminate any possible doubt as to the Registrar's duty to process each applicant as expeditiously on the day he appears as possible (see new Par. V(d) and to clarify age and residence eligibility in relation to the time of "the next election" (new Par. IV(a) (b) ).

### APPENDIX

### FINAL DECREE

I. This court finds that the defendants have engaged in acts and practices which have deprived Negro citizens of Madison Parish, Louisiana, of their rights, secured by 42 U.S.C.A. § 1971(a), to register to vote without distinction by reason of race, and that such deprivation has been pursuant to a pattern or practice of discrimination against Negro citizens in the registration processes in Madison Parish, Louisiana. The Court also takes notice of the fact that the United States Attorney General and the Director of the Census have made and published on August 7, 1965 (30 Fed. Reg. 9897) the determinations which invoke the provisions of Section 4 of the Voting Rights Act of 1965, and related provisions (Pub.L.No.89–110, 89th Cong., 1st Sess., 79 Stat. 437, 42 U.S. C.A. § 1973b).

II. It is ordered, adjudged and decreed by the Court that the Defendant State of Louisiana and the Defendant Katherine Ward, Registrar of Voters of Madison Parish, Louisiana, their agents, officers, employees and successors in office be and each is hereby enjoined from engaging in any act or practice which involves or results in distinctions based on race or color between Negro citizens and other citizens in the registration for voting process in Madison Parish, Louisiana.

III. It is further ordered, adjudged, and decreed by the Court that the Defendant State of Louisiana and the Defendant Katherine Ward, Registrar of Voters of Madison Parish, Louisiana, their agents, officers, employees and successors in office be and each is hereby enjoined, for a period of five years after the entry of any final judgment of any court of the United States determining that denials or abridgments of the right to vote on account of race or color through the use of any "test or device" as defined in section 4(c) of the Voting Rights Act of 1965, Pub.Law 89–110, 89

---

1. The Louisiana good moral character prerequisite (La.Const. art. VIII, § 1(c) (d); La.Rev.Stat.Ann. § 18:31(2) (1951)) was the specific subject of congressional consideration. See letter from Attorney General Katzenbach to Senator Javits, June 11, 1965, 111 Cong.Rec. 14049 (daily ed.

June 23, 1965). See also S.Rep. No. 162, 89th Cong., 1st Sess. 24 (1965), U.S. Code Congressional and Administrative News 1965, p. 2578. Presumably the Government recognizes that Louisiana may exclude persons convicted of felonies.

Cong., 79 Stat. 437, 438–439, have occurred anywhere within the State of Louisiana, and in any event until the United States District Court for the District of Columbia has determined that no such test or device has been used during the five years preceding the filing of the action for the purpose of denying or abridging the right to vote on account of race or color, from (a) requiring any applicant for voter registration in Madison Parish, as a precondition to such registration, to take or pass any test of literacy, knowledge, or understanding or to comply with any other test or device as defined in Section 4(c) of the Voting Rights Act of 1965, Public Law 89–110, 79 Stat. 438–439, *i. e.*, any requirement (including the "good character" requirement specified in Article VIII, Section 1(c) of the Louisiana Constitution and Title 18, Section 32, of the Louisiana Code, except to the extent that these provisions permit disqualification for conviction of a felony) that he (1) demonstrate the ability to read, write, understand, or interpret any matter, (2) demonstrate any educational achievement or his knowledge of any particular subject, (3) possess good moral character, or (4) prove his qualifications by the voucher of registered voters or members of any other class, or (b) rejecting any applicant for voter registration in Madison Parish for failure to comply with any such requirement.

IV. It is further ordered, adjudged, and decreed by the Court that for the period specified in paragraph III, except to the extent that the State of Louisiana has obtained a declaratory judgment under Section 5 of the Voting Rights Act, 79 Stat. 439, that a qualification, prerequisite, standard, practice or procedure enacted subsequent to November 1, 1964, does not have the purpose and will not have the effect of denying or abridging the right to vote on account of race or color, or has submitted such qualification, prerequisite, standard, practice or procedure to the Attorney General of the United States and the Attorney General has not interposed an objection within sixty days after such submission, the Defendant State of Louisiana and the Defendant Katherine Ward, Registrar of Voters of Madison Parish, Louisiana, their agents, officers, employees, and successors in office are enjoined from determining the qualifications of citizens in Madison Parish, Louisiana in any manner or by any procedure different from or more stringent than the following:

(a) He is a citizen and will have attained the age of 21 years prior to the next election;

(b) He has resided in the State for one year, the Parish six months and the Precinct three months prior to the next election;

(c) He is not disqualified by reason of conviction of a disqualifying crime.

V. It is further ordered that Defendant Katherine Ward, her agents, employees, and successors, in conducting registration of voters in Madison Parish, Louisiana, are enjoined and ordered to:

(a) Afford each applicant for registration an opportunity to apply to register whether either the registrar or a deputy registrar is present;

(b) Accept from Negro applicants for registration reasonable proof of their identity, such as:

(1) Authentic licenses or permits issued by any governmental agency or authority, such as driving, hunting, or fishing licenses, library cards, or automobile registrations;

(2) Authentic military identification documents, such as selective service registration cards, discharge papers, or reserve unit identification cards;

(3) Authentic records of the possession or ownership of real property, such as rent receipts, deeds or contracts to purchase or lease, receipts for deposits on utilities, or homestead exemption certificates.

(c) Advise each applicant, when he or she applies, whether the applicant is accepted or rejected; if accepted, the

applicant must be registered at that time; if rejected the applicant must be informed of the reason or reasons for his rejection and must be advised of his right to apply directly to this Court to be registered as provided in paragraph VI hereof.

(d) Receive and process each applicant as expeditiously as possible to the extent that the physical facilities of the registration office permit but in no case less than * * * applicants at one time; in no case refuse to process fewer than * * * applicants at one time, and take all reasonable steps to insure that, wherever possible, each applicant is processed on the day he appears for registration. The office of the registrar shall be open during regular business hours for registration from Monday through Friday of each week except on holidays.

VI. Any applicant for registration hereafter rejected or not given the opportunity to apply by the Defendant Katherine Ward, her agents, employees, or successors, may in accordance with 42 U.S.C.A. § 1971(e) apply to this court, or to a voting referee to be appointed by and in the discretion of this court, no more than 20 days after receipt by the court of the first application, to have his qualifications determined. The court or such referee shall register all such applicants who meet the standards established in this order.

VII. It is further ordered that the Defendant Katherine Ward, her agents, employees, and successors in office shall file a written report with the clerk of this Court and shall mail a copy thereof to the Plaintiff's attorneys on or before the tenth day of each month. Said reports shall state the dates and places applications were received and the hours during which the Registrars were available to receive applications; and also shall contain the name and race of each applicant for registration from the previous monthly period, the date of the application, the action taken on the application, and if the applicant is rejected, the specific reason or reasons for rejecting the application. The first of such reports shall be submitted on the tenth day of the month following the date of this order.

VIII. The Defendant Katherine Ward, her deputies, agents, and successors in office shall, until further order of this Court, make the registration records of Madison Parish, Louisiana, available to attorneys or agents of the United States at any and all reasonable times for the purpose of inspection, copying, and photographing.

IX. Jurisdiction is retained of this cause for all purposes and especially for the purpose of issuing any and all additional orders as may become necessary or appropriate for the purposes of modifying and/or enforcing this order.

X. Costs in this Court are awarded to Plaintiff and taxed against the Defendants.