358 F.2d 89
 UNITED STATES of America, Appellant,
v.
Winnice J. P. CLEMENT, Registrar of Voters of Webster
Parish, louisiana, and the State of Louisiana, Appellees.
UNITED STATES of America, Appellant,
v.
Joseph Walton CRAWFORD, Registrar of Voters of Red River
Parish, Louisiana, and the State of Louisiana, Appellees.
 Nos. 22492, 22501.
 United States Court of Appeals Fifth Circuit.
 March 14, 1966.
 
 Edward L. Shaheen, U.S. Atty., Shreveport, La., Harold H. Greene, Atty., Dept. of Justice, Washington, D.C., John Doar, Asst. Atty. Gen., Gerald P. Choppin, Paul S. Adler, Attys., Dept. of Justice, Washington, D.C., for appellant.
 Jack P. F. Gremillion, Atty. Gen., Harry J. Kron, Jr., Asst. Atty. Gen., Baton Rouge, La., for appellees in No. 22492.
 Jack P. F. Gremillion, Atty. Gen., Baton Rouge, La., for appellees in No. 22501.
 Before BROWN, BURGER,[1] and WISDOM, Circuit Judges.
 PER CURIAM:
 
 
 1
 Each of these is another voter registration case in which the District Court, finding racial discrimination which was expressly enjoined, declined to grant freezing relief. As before, the State of Louisiana and its officials filed no brief. For the reasons set out at length in United States v. Ward (Louisiana), 5 Cir., 1965, 352 F.2d 329; United States v. Ramsey, 5 Cir., 1965, 353 F.2d 650 (Nov. 12, 1965), and more recently amplified in United States v. Palmer and United States v. Harvey, 5 Cir., 1966, 356 F.2d 951 (Feb. 8, 1966), such relief in the form of the respective decrees set forth in the appendix is appropriate and required. In so directing the District Court we reject the objections to the decrees urged here through the Louisiana Attorney General's reference to the petition for rehearing filed in Palmer and Harvey, supra.
 
 
 2
 Since time for voter qualification may be crucial in an election year (1966), the mandate shall issue forthwith.
 
 
 3
 Reversed with directions.
 
 APPENDIX
 
 4
 IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA
 
 CIVIL ACTION NO. 9335
 
 5
 UNITED STATES OF AMERICA v. JOSEPH WALTON CRAWFORD, Registrar of Voters of Red River Parish, Louisiana; and THE STATE OF LOUISIANA
 
 FINAL DECREE
 
 6
 I. It is ordered, adjudged and decreed by the Court that the defendants, and each of them, and their agents, employees, representatives, and successors in office and all persons in active concert with them shall be and are hereby restrained and enjoined from engaging in any act which would delay, prevent, hinder, or discourage Negro citizens in Red River Parish, Louisiana, on account of their race or color, from applying for, and becoming registered voters.
 
 
 7
 II. The Court takes notice of the fact that the United States Attorney General and the Director of the Census have made and published on August 7, 1965 (30 Fed.Reg. 9897), the determinations which invoke the provisions of Section 4 of the Voting Rights Act of 1965, and related provisions (Pub.L.No. 89-110, 89th Cong., 1st Sess., 79 Stat. 437, 42 U.S.C.A. 1973b) in the State of Louisiana. It is further ordered that the defendants, their agents, officers, employees, and successors on office be and each is hereby enjoined, for a period of five years after the entry of any final judgment of any court of the United States determining that denials or abridgments of the right to vote on account of race or color through the use of any 'test or device' as defined in Section 4(c) of the Voting Rights Act of 1965 have occurred anywhere within the State of Louisiana, and in any event until the United States District Court for the District of Columbia has determined that no such test or device has been used during the five years preceding the filing of the action for the purpose of denying or abridging the right to vote on account of race or color, from (a) requiring any applicant for voter registration in Red River Parish, as a condition to such registration, to take or pass any test of literacy, knowledge, or understanding or to comply with any other test or device as defined in Section 4(c) of the Voting Rights Act of 1965, i.e., any requirement (including the 'good character' requirement specified in Article VIII, Section 1(c) of the Louisiana Constitution and Title 18, Section 32, of the Louisiana Code, except to the extent that these provisions permit disqualification for conviction of a felony) that he (1) demonstrate the ability to read, write, understand, or interpret any matter, (2) demonstrate any educational achievement or his knowledge of any particular subject, (3) possess good moral character, or (4) prove his qualifications by the voucher of registered voters or members of any other class, or (b) rejecting any applicant for voter registration in Red River Parish for failure to comply with any such requirement.
 
 
 8
 III. It is further ordered that for the period specified in paragraph II except to the extent that the State of Louisiana has obtained a declaratory judgment under Section 5 of the Voting Rights Act that a qualification, prerequisite, standard, practice or procedure enacted subsequent to November 1, 1964, does not have the purpose and will not have the effect of denying or abridging the right to vote on account of race or color, or has submitted such qualification, prerequisite, standard, practice or procedure to the Attorney General of the United States and the Attorney General has not imposed an objection within sixty days after such submission, the defendants, their agents, officers, employees and successors in office are enjoined from determining the qualifications of citizens in Red River Parish, Louisiana in any manner or by any procedure different from or more stringent than the following:
 
 
 9
 (a) He is a citizen and will have attained the age of 21 years prior to the next election;
 
 
 10
 (b) He has resided in the State for one year, the Parish six months and the Precinct six months prior to the next election;
 
 
 11
 (c) He is not disqualified by reason of conviction of a disqualifying crime.
 
 
 12
 IV. This decree does not modify or supersede the obligations imposed upon the defendants by the decree entered against them in the case of United States v. State of Louisiana, Civ.A. No. 2548, which requires them to make monthly reports to the court concerning voter registration and to make available voter registration records for inspection and photographing by agents of the plaintiff at all reasonable times.
 
 
 13
 V. Jurisdiction is retained of this cause for all purposes and especially for the purpose of issuing any and all additional orders as may become necessary or appropriate for the purposes of modifying and/or enforcing this order.
 
 
 14
 VI. Costs in this Court are awarded to Plaintiff and taxed against the Defendants.
 
 
 15
 ..............., 196..
 
 
 16
 ..............................ard
 
 UNITED STATES DISTRICT JUDGE
 
 17
 IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA
 
 CIVIL ACTION NO. 9334
 
 18
 UNITED STATES OF AMERICA v. WINNICE J. P. CLEMENT, Registrar of Voters of Webster Parish, Louisiana; and THE STATE OF LOUISIANA
 
 FINAL DECREE
 
 19
 I. It is ordered, adjudged and decreed by the Court that the defendants, and each of them, and their agents, employees, representatives, and successors in office and all persons in active concert with them shall be and are hereby restrained and enjoined from engaging in, or performing, directly or indirectly, any and all of the following acts:
 
 
 20
 a. Engaging in any act which would delay, prevent, hinder, or discourage Negro citizens in Webster Parish, Louisiana, on account of their race or color, from applying for, and becoming registered voters;
 
 
 21
 b. Failing or refusing to conduct registration and to receive and process expeditiously applications for registration to vote in Webster Parish, Louisiana.
 
 
 22
 c. Engaging in any deliberate slowdown of voter registration or placing any improper impediments in the way of applicants attempting to register to vote.
 
 
 23
 II. The Court takes notice of the fact that the United Atates Attorney General and the Director of the Census have made and published on August 7, 1965 (30 Fed.Reg. 9897), the determinations which invoke the provisions of Section 4 of the Voting Rights Act of 1965, and related provisions (Pub.L. No. 89-110, 89th Cong., 1st Sess., 79 Stat. 437, 42 U.S.C.A. 1973b) in the State of Louisiana. It is further ordered that the defendants, their agents, officers, employees, and successors in office be and each is hereby enjoined, for a period of five years after the entry of any final judgment of any court of the United States determining that denials or abridgments of the right to vote on account of race or color through the use of any 'test or device' as defined in Section 4(c) of the Voting Rights Act of 1965 have occurred anywhere within the State of Louisiana, and in any event until the United States District Court for the District of Columbia has determined that no such test or device has been used during the five years preceding the filing of the action for the purpose of denying or abridging the right to vote on account of race or color, from (a) requiring any applicant for voter registration in Webster Parish, as a condition to such registration, to take or pass any test of literacy, knowledge, or understanding or to comply with any other test or device as defined in Section 4(c) of the Voting Rights Act of 1965, i.e., any requirement (including the 'good character' requirement specified in Article VIII, Section 1(c) of the Louisiana Constitution and Title 18, Section 32, of the Louisiana Code, except to the extent that these provisions permit disqualification for conviction of a felony) that he (1) demonstrate the ability to read, write, understand, or interpret any matter, (2) demonstrate any educational achievement or his knowledge of any particular subject, (3) possess good moral character, or (4) prove his qualifications by the voucher of registered voters or members of any other class, or (b) rejecting any applicant for voter registration in Webster Parish for failure to comply with any such requirement.
 
 
 24
 III. It is further ordered that for the period specified in paragraph III, except to the extent that the State of Louisiana has obtained a declaratory judgment under Section 5 of the Voting Rights Act that a qualification, prerequisite, standard, practice or procedure enacted subsequent to November 1, 1964, does not have the purpose and will not have the effect of denying or abridging the right to vote on account of race or color, or has submitted such qualification, prerequisite, standard, practice or procedure to the Attorney General of the United States and the Attorney General has not interposed an objection within sixty days after such submission, the defendants, their agents, officers, employees, and successors in office are enjoined from determining the qualifications of citizens in Webster Parish, Louisiana in any manner or by any procedure different from or more stringent than the following:
 
 
 25
 (a) He is a citizen and will have attained the age of 21 years prior to the next election;
 
 
 26
 (b) He has resided in the State for one year, the Parish six months and the Precinct three months prior to the next election;
 
 
 27
 (c) He is not disqualified by reason of conviction of a disqualifying crime.
 
 
 28
 IV. It is further ordered that Defendant Winnice J. P. Clement, her agents, employees, and seccessors, in conducting registration of voters in Webster Parish, Louisiana, are enjoined and ordered to:
 
 
 29
 (a) Afford each applicant for registration an opportunity to apply to register whether either the registrar or a deputy registrar is present;
 
 
 30
 (b) Accept from Negro applicants for registration reasonable proof of their identity, such as:
 
 
 31
 (1) Authentic licenses or permits issued by any governmental agency or authority, such as driving, hunting, or fishing licenses, library cards, or automobile registrations;
 
 
 32
 (2) Authentic military identification documents, such as selective service registration cards, discharge papers, or reserve unit identification cards;
 
 
 33
 (3) Authentic records of the possession or ownership of real property, such as rent receipts, deeds or contracts to purchase or lease, receipts for deposits on utilities, or homestead exemption certificates.
 
 
 34
 V. This decree does not modify or supersede the obligations imposed upon the defendants by the decree entered against them in the case of United States v. State of Louisiana, Civ.A. No. 2548, which requires them to make monthly reports to the court concerning voter registration and to make available voter registration records for inspection and photographing by agents of the plaintiff at all reasonable times.
 
 
 35
 VI. Jurisdiction is retained of this cause for all purposes and especially for the purpose of issuing any and all additional orders as may become necessary or appropriate for the purposes of modifying and/or enforcing this order.
 
 
 36
 VII. Costs in this Court are awarded to Plaintiff and taxed against the Defendants.
 
 
 37
 ..............., 196..
 
 
 38
 ..............................war
 
 UNITED STATES DISTRICT JUDGE
 
 
 [1]
 Of the District of Columbia Circuit, sitting by designation