503 F.2d 1041
 Jack YBARRA, also known as Isaias M. Ybarra, individually
and as president of the Confederacion de la Raza
Unida, et al., Plaintiffs-Appellants,
v.
CITY OF SAN JOSE, a Municipal Corporation, et al.,
Defendants-Appellee.*
v.
McCarthy,
 No. 72-1912.
 United States Court of Appeals, Ninth Circuit.
 Dec. 16, 1974.
 
 Grace M. Kubota (argued), of Kubota, Manley & Newman, San Jose, Cal., for plaintiffs-appellants.
 Richard Marston (argued), San Jose, Cal., Norman E. Matteoni, San Jose, Cal. (argued for Santa Clara), of Santa Clara County Counsel, for defendants-appellees.
 Before KOELSCH, BROWNING, and CHOY, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 It was not proper to dismiss this action on the ground stated by the district court, namely, that in view of that court's earlier ruling in Diaz v. San Jose Unified School District, No. C-71 2130 (January 11, 1971), 'plaintiffs cannot make out any showing of de jure segregation by the school board.'[1]
 
 
 2
 The Diaz ruling was on a motion for a preliminary injunction, and was not a final determination of the issues presented, even assuming that if it were it would bind all plaintiffs in this action. And there are other difficulties.
 
 
 3
 The Diaz ruling apparently rested on the premise that no constitutional violation can occur when the 'School District has adhered to a 'neighborhood school policy,' with the result that ethnic composition of the schools merely reflects residential patterns.' This precise issue was reserved in Keyes v. School District No. 1, Denver, Colorado, 413 U.S. 189, 211-212, 93 S.Ct. 2686, 2698-2699, 37 L.Ed.2d 548 (1973); Kelly v. Guinn, 456 F.2d 100, 106 n. 7 (9th Cir. 1972); and Johnson v. San Francisco Unified School District, 500 F.2d 349, 351 n. 1@ (9th Cir. 1974).[2] See also Henry v. Clarksdale Municipal Separate School District, 409 F.2d 682, 689 (5th Cir. 1969). A legal principle so unsettled does not constitute an 'insuperable bar to relief,' and therefore does not justify dismissal for failure to state a claim upon which relief may be granted. Corsican Productions v. Pitchess, 338 F.2d 441, 442-443 (9th Cir. 1964), quoting Wright, Federal Courts 250 (1963); Harman v. Valley National Bank, 339 F.2d 564, 565 (9th Cir. 1964).
 
 
 4
 Moreover, assuming school authorities were not chargeable with acts of discrimination, relief might be granted if segregation in the schools resulted from the acts of other state agencies. Acts of state agencies other than the school administration formed part of the basis upon which relief from school segregation was granted in Milliken v. Bradley, U.S. , , 94 S.Ct. 3112, 41 L.Ed.2d 1069 (1974). Among the non-school board acts relied upon by the district court in Milliken were state acts that resulted in segregated housing. The Court of Appeals did not rely upon these particular acts, however, and therefore the case as it reached the Supreme Court did not present any issue regarding state housing violations. U.S. at n.7, 92 S.Ct. at 3119. However, Mr. Justice Stewart, concurring, said: 'Were it to be shown, for example, that state officials had contributed to the separation of the races . . . by purposeful racially discriminatory use of state housing or zoning laws' relief might be appropriate. U.S. at , 92 S.Ct. at 3132.
 
 
 5
 City zoning ordinances that differentiated between black and white residential areas on the basis of density of occupation were an element of state conduct underlying the finding of unconstitutional school segregation in Swann v. Board of Education, 402 U.S. 1, 7, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971), as the Court of Appeals opinion reflects. See 431 F.2d 138, 141 (4th Cir. 1970). The Supreme Court did not reach the question whether, absent participation by school authorities, a school desegregation decree would be a proper form of relief. 402 U.S. at 23, 91 S.Ct. 1267. Even if it would not, it would not follow that all relief could be denied.
 
 
 6
 State action related to land use control, tainted by racial discrimination, has been held violative of the Equal Protection Clause in a variety of other contexts. E.g., United Farmworkers of Florida Housing Project, Inc. v. City of Delray Beach, 493 F.2d 799 (5th Cir. 1974); Kennedy Park Homes Ass'n v. City of Lackawanna, New York, 436 F.2d 108 (2d Cir. 1970); Dailey v. City of Lawton, Oklahoma, 425 F.2d 1037 (10th Cir. 1970). See also English v. Town of Huntington, 448 F.2d 319, 323, 324 (2d Cir. 1971); SASSO v. City of Union City, California, 424 F.2d 291, 295-296 (9th Cir. 1970). We are not prepared to hold at this stage of the proceeding that relief is necessarily precluded because the injury complained of in this case, segregated schools, is one step removed from the cause. James v. Valtierra,402 U.S. 137, 91 S.Ct. 1331, 28 L.Ed.2d 678 (1971), and Ybarra v. City of Town of Los Altos Hills, 503 F.2d 250 (9th Cir. 1974), are not to the contrary; both rest on records that failed to support any claim of racial discriminatin.
 
 
 7
 Paragraph 24 of the complaint alleges that the appellees 'discriminatein the granting of variances, zoning, and building permits to developers of land in such a way as to create ethnically imbalanced and economically imbalanced neighborhoods, all of which leads to ethnically imbalanced education system such as presently exists in the aforementioned school districts and schools within the City of San Jose.' In view of this charge of racial discrimination, and the authorities cited, we think it was error to dismiss the complaint for failure to state a claim upon which relief can be granted. It is true that most of the authorities referred to antedate the dismissal, but we are required to test the adequacy of the complaint by the law as it exists at the time the appeal is decided. See United States v. Alabama, 362 U.S. 602, 604, 80 S.Ct. 924, 4 L.Ed.2d 982 (1960); and Arfons v. E. I. DuPont De Nemours & Co., 261 F.2d 434, 436 (2d Cir. 1958).
 
 
 8
 Appellees argue that paragraph 24 is a 'catchall pleading,' too vague to state a claim for relief. However, "mere vagueness or lack of detail is not ground for a motion to dismiss, but should be attacked by a motion for a more definite statement." Harman v. Valley National Bank, supra, 339 F.2d at 567, quoting 2 Moore's Federal Practice P12.08, at 2245-2246. On remand, the County may renew its pending motion for a more definite statement.
 
 
 9
 Appellees argue that granting the particular relief sought by appellants would violate the constitutional rights of affected landowners. Assuming the particular relief requested in the complaint could not be granted, that alone would not render the complaint legally insufficient. Norwalk CORE v. Norwalk Redevelopment Agency, 395 F.2d 920, 925-926 (2d Cir. 1968).
 
 
 10
 Appellees challenge appellants' standing, but solely on the ground that appellants do not allege ownership of land in the areas affected. The injury of which appellants complain is the segregation of schools. The causal relationship between that injury and the alleged discriminatory administration of the zoning ordinances is not so attenuated as to deny standing to at least the minor appellants. See United States, v. SCRAP, 412 U.S. 669, 688-689, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973).
 
 
 11
 The motion to dismiss for failure to join indispensable parties may be renewed below. If the parties in question are found to be indispensable, it may well be that they can be effectively joined, in which case dismissal of the action would be improper. See 3A Moore's Federal Practice P19.19, at 2583.
 
 
 12
 Questions regarding jurisdiction over the City and County also remain open on remand. See Ybarra v. City of Town of Los Altos Hills, supra; United Farmworkers of Florida Housing Project, Inc. v. City of Delray Beach, supra, 493 F.2d at 801-802.
 
 
 13
 Reversed.
 
 
 
 [1]
 The School District was not a party to this proceeding when the motion to dismiss was granted. Presumably the trial court recognized that the School District might be added as a party 'at any stage of the action.' Fed.R.Civ.P. 21
 
 
 [2]
 In Soria v. Oxnard School District Board of Trustees, 488 F.2d 579, 586 (9th Cir. 1973), we indicated that one of the several elements to be considered by the district court on remand in connection with whether the school board had engaged in intentional segregation was if the existing imbalance in the schools was caused by neighborhood population patterns