Howard E. BUNCH, Plaintiff-Appellant,

v.

UNITED STATES of America et al., Defendants-Appellees.

No. 75-2094.

United States Court of Appeals, Ninth Circuit.

Jan. 10, 1977.

Eugene M. Moen (argued), of Halverson, Strong, & Moen, Seattle, Wash., for plaintiff-appellant.

Thomas B. Russell, Asst. U. S. Atty. (argued), Seattle, Wash., for plaintiff-appellant.

Before HUFSTEDLER and KENNEDY, Circuit Judges, and JAMESON,* District Judge.

HUFSTEDLER, Circuit Judge:

 Bunch appeals from a judgment entered after the district court dismissed his action for relief from age discrimination in employment. The court dismissed for want of jurisdiction, and the pivotal question on this appeal is whether the amendments bringing federal employees under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a, apply to cases pending, either administratively or in the federal district court, on the effective date of those amendments. Applying the principle of *Bradley v. Richmond School Board* (1974) 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476, and the analogous treatment of the 1972 amendments to Title VII, we hold that the court had jurisdiction under 29 U.S.C. § 633a(c).

In 1973, when Bunch was 44 years old, he applied for a job as an Air Reserve Technician Flight Instructor. He was listed as qualified for the job on the Civil Service Register, and he was certified as the first choice of the local commander. On April 13, 1973, the national headquarters of the Air Force Reserve selected the alternate

* Honorable William J. Jameson, Senior United States District Judge, District of Montana, sitting by designation.

applicant. One of the reasons given for this decision was related to Bunch's age. The bureaucratic wrinkle is that a person must be a member of the Air Force Reserve to qualify for the position of Flight Instructor. As a Flight Instructor he would have a right to continued employment until eligible for Civil Service retirement. Bunch would be compelled to retire from the reserve before he was eligible for retirement from the Civil Service. During the interim between retirement from the Air Force Reserve and eligibility for Civil Service retirement, different work must be found for the Technician to do. This limbo period is common among Air Reserve Technicians and would arrive sooner if Bunch was hired than if the alternate was selected. This factor was given as a reason for Bunch's nonselection. (In bureaucratic shorthand: "Mr. Bunch is approaching 45 years of age . . ., and he would become status quo in approximately eight years.")

On May 7, 1973, Bunch wrote to the Civil Service Commission ("CSC") to lodge his age discrimination complaint. The full history of his pursuit of administrative remedies is set forth below.[1] Bunch filed this suit on April 12, 1974. The Flight Instructor position opened again in 1974, and Bunch was not selected a second time on March 15, 1974. On May 1, 1974, the amendments specifically extending ADEA coverage to federal employees became effective and authorized employees to bring suit on their claims in district court after pursuing administrative remedies. (Pub.L.

No.93–259 (April 8, 1974), 88 Stat. 74, 76.) Bunch amended his complaint twice; the second amendment added the second nonselection and referred to jurisdiction under the ADEA amendments.

Bunch's suit was dismissed in November, 1974, and he continued to pursue his administrative remedies, obtaining a ruling from the CSC Appeals Review Board on April 15, 1975. The Board declined to hear his appeal and ruled that he had no right to an administrative hearing.[2] Bunch now appeals, contending that the district court's dismissal was improper in that jurisdiction existed both under the ADEA amendments and under 28 U.S.C. § 1361.[3] Although his pleading of federal jurisdiction was not perfect, the averments adequately invoked federal question jurisdiction. (E.g., *Miller v. County of Los Angeles* (9th Cir. 1965) 341 F.2d 964; C. Wright, Handbook of the Law of Federal Courts § 69 (2d ed. 1970).)

*Bradley v. Richmond School Board* (1974) 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476, restates the principle upon which Bunch relies to bring his case within the ADEA amendments enacted while his case was pending:

". . . [A] court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary."

No statutory directive nor any legislative history cuts against applying the amend-

1. The relevant chronology in this case is as follows:

April 13, 1973 — Bunch not selected for Flight Instructor position.
May 7, 1973 — Bunch's counsel sends complaint to CSC.
May 16, 1973 — CSC notifies counsel that investigation is underway.
June 25, 1973 — Counsel requests prompt consideration by CSC because Bunch does not have substitute employment.
Sept. 14, 1973 — Counsel notifies CSC that Bunch's temporary employment as Flight Instructor is not a waiver of his claim.
Oct. 31, 1973 — CSC acknowledges that age is a nonmerit criterion and states that Air Force has been requested to supply further documentation within two weeks.
Nov. 1, 1973 — CSC General Counsel letter to counsel stating: "a policy of age discrimination not rationally related to fitness for a particular position would be violative of merit principles." Informs counsel that still awaiting Air Force documentation and that "[i]f remedial measures are warranted, they will be initiated by" CSC.
Dec. 11, 1973 — Counsel's letter to CSC expressing fear of waiver claim for failure to obtain timely administrative remedy and telling of intent to sue if administrative decision not forthcoming.

March 15, 1974 — Second nonselection occurs.

April 12, 1974 — Complaint filed in district court.
May 1, 1974 — Amendments to ADEA become effective.
May 23, 1974 — First amendment of Bunch's complaint.
May 31, 1974 — Second amendment of complaint.
Oct. 10, 1974 — Government files answer.
Nov. 7, 1974 — Motion for dismissal granted.
Dec. 31, 1974 — Counsel sends letter to CSC Appeals Review Board.
April 11, 1975 — CSC Appeals Review Board issues decision in Bunch's case.

2. The CSC Appeals Review Board decided that the events in Bunch's case did not constitute an "employment practice" administered by the CSC and therefore that the Board would not entertain the appeal and that there was no right to an administrative hearing.

3. Because we conclude that there was jurisdiction under 29 U.S.C. § 633a(c), we do not reach the issue whether there was jurisdiction under 28 U.S.C. § 1361.

ments to Bunch's age discrimination claim, and no injustice in doing so is manifest. On the contrary, injustice would result if Bunch cannot vindicate the longstanding policy against age discrimination in the federal competitive service.[4] The right of federal employees to be free from age discrimination goes back to 1956 when the CSC abolished maximum entry ages for competitive service positions. (Note, "Age Discrimination in Employment: Correcting a Constitutionally Infirm Legislative Judgment" (1974) 47 S.Cal.L.Rev. 1311, 1325.) It was more fully stated over the years in a series of Executive Orders and Presidential Memoranda authored by Presidents Kennedy, Johnson, and Nixon. President Kennedy's memorandum of March 14, 1963, stated:

" . . . [I]t is the policy of the Federal Government as an employer to evaluate each job applicant on the basis of ability, not age . . . .

" . . . There is no age restriction on appointments to competitive positions. . . . Federal appointing officers shall take positive steps to insure that current practice carries out this policy. Older persons must receive fair and full consideration for employment and advancement in the competitive service. Personnel actions should be based, in accordance with merit principles, solely on the ability of candidates to meet qualification requirements and physical standards of the position to be filled." (Quoted in Exec. Order 11,141; 29 Fed.Reg. 2477 (1963).)

The policy was reaffirmed by President Johnson in Executive Order 11,141 (29 Fed. Reg. 2477 (1964)) and extended to the employees of federal contractors and subcontractors.[5] President Nixon's memorandum of September 13, 1972, referred to the "long-standing policy of the Federal Government that age, by itself, shall be no bar to a Federal job which an individual is otherwise qualified to perform." (GSA, Office of the Federal Register, Weekly Compilation of Presidential Documents 1375, 1376 (Sept. 18, 1972). These policies were codified in CSC regulations which at the time of Bunch's first nonselection read:

"An employment practice shall not discriminate on the basis of race, color, religion, sex, national origin, partisan political affiliation, or other nonmerit factor." (5 CFR § 300.103(c) (1973).)

■ The age discrimination policy, like the antidiscrimination policy of Title VII, was seriously hampered by the lack of any effective enforcement machinery prior to the amendments in issue. (Senate Special Comm. on Aging, "Improving the Age Discrimination Law" 93d Cong., 1st Sess. 14, 17–18 (Comm. Print 1973).) The ADEA amendments, like the 1972 Title VII amendments, did not create new substantive rights, but simply created new procedures and remedies for the vindication of pre-existing discrimination claims. (E.g., Adams v. Brinegar (7th Cir. 1975) 521 F.2d 129; Sperling v. United States (3d Cir. 1975) 515 F.2d 465; Brown v. General Services Administration (2d Cir. 1974) 507 F.2d 1300,

4. See H.R.Rep.No.93–913, 93d Cong., 2d Sess. (1974); 1974 U.S.Code Cong. & Admin.News, pp. 2811, 2825, 2849, 2860. One bit of legislative history strongly supports application of the amendments to pending claims. See the Senate Special Comm. on Aging, "Improving the Age Discrimination Law" 93d Cong., 1st Sess. 14 (Comm.Print 1973) where the Committee stated why it thought the ADEA should be amended to cover federal workers: "Federal employees are covered only by Executive Order 11141, . . . ., which declares a public policy against discrimination on the basis of age. Those covered are Federal employees and persons employed by contractors and subcontractors engaged in the performance of Federal Contracts.

"While it is the policy of the Federal Government to oppose age discrimination, there is no mechanism to root it out." (emphasis in original).

5. "[T]he Federal Government can and should provide maximum leadership [with regard to combating age discrimination] by adopting that principle as an express policy of the Federal Government not only with respect to Federal employees but also with respect to persons employed by contractors and subcontractors engaged in the performance of Federal contracts." Exec. Order 11,141; 29 Fed.Reg. 2477 (1964).

*aff'd*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Womack v. Lynn* (1974) 164 U.S.App.D.C. 198, 504 F.2d 267; *Koger v. Ball* (4th Cir. 1974) 497 F.2d 702.)[6]

■ Accordingly, we conclude that 29 U.S.C. § 633a(c) conferred jurisdiction to hear Bunch's first nonselection claim, which was pending in the district court when the ADEA amendments became effective. (*Cf., United States v. Alabama* (1960) 362 U.S. 602, 80 S.Ct. 924, 4 L.Ed.2d 982.)

We reject the Government's contention that Bunch's first nonselection claim can be barred for failure to exhaust administrative remedies that were nonexistent at the time he sought relief from the federal court. As the record abundantly demonstrates, bunch did everything he could before the Commission in respect of the first nonselection.

■ However, the Government is correct that Bunch has not exhausted his administrative remedies as to his second nonselection. Those administrative routes were open by the time he filed his amendment complaint. The district court properly dismissed that count under 29 U.S.C. § 633a(d).[7] (*Cf. Ettinger v. Johnson* (3d Cir. 1975) 518 F.2d 648 (Title VII action interpreting 42 U.S.C. § 2000e–16(c) ).)

Our opinion is directed to the issue of jurisdiction and whether the amendments to the ADEA are applicable to this case; we express no opinion on the merits of plaintiff's claim.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with the views herein expressed.

**6.** We have elsewhere held that Title VII precedent may be dispositive of ADEA issues where the statutory provisions are appropriately analogous. *Curry v. Continental Airlines* (9th Cir. 1975) 513 F.2d 691 (precedents construing 42 U.S.C. § 2000e–5(b) applicable to construction of 29 U.S.C. § 633(b) issue). *See also Moses v. Falstaff Brewing Corp.* (8th Cir. 1975) 525 F.2d 92, 94 (similarity of provisions of ADEA and Title VII recognized in determining timeliness of claim brought under 29 U.S.C. § 633(b) ); Note, "Proving Discrimination Under the Age Discrimination in Employment Act" (1975) 17 Ariz.L.Rev. 495, 496 & n.6 (summarizing similarities and listing cases).

**7.** Section 633a provides:

"(d) When the individual has not filed a complaint concerning age discrimination with the Commission, no civil action may be commenced by any individual under this section until the individual has given the Commission not less than thirty days' notice of an intent to file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred. Upon receiving a notice of intent to sue, the Commission shall promptly notify all persons named therein as prospective defendants in the action and take any appropriate action to assure the elimination of any unlawful practice."