68 F.3d 482
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darryl Wesley von FUNDERBURK, Plaintiff-Appellant,
v.
Sherman BLOCK; County of Los Angeles, Defendants-Appellees.
 No. 95-55421.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1995.*
Decided Oct. 20, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darryl W. von Funderburk, a California state prisoner, appeals pro se the district court's grant of summary judgment for defendants on his Eighth Amendment claim brought pursuant to 42 U.S.C. Sec. 1983. Funderburk also appeals the district court's denial of his motion for leave to amend his complaint. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review the district court's grant of summary judgment de novo. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). "We review for abuse of discretion a district court's decision whether to allow an amendment to add a new defendant ...." Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989).
 
 
 4
 Funderburk alleges that in May and June, 1993, while he was housed at the Los Angeles County Men's Central Jail, he was raped and assaulted. Funderburk, who was required to wear a yellow jumpsuit indicating his classification as mentally ill at the time of his alleged assaults, further alleges that the failure to segregate him from the general population at the county jail was the proximate cause of these attacks.
 
 
 5
 * Summary Judgment
 
 A. Sherman Block
 
 6
 Funderburk contends that the district court erred by concluding that defendant Block was not liable under section 1983 for failing to prevent Funderburk's rape and assault while he was housed in a county jail. This contention lacks merit.
 
 
 7
 To establish a supervisor's liability for the actions of subordinates under section 1983, an inmate must demonstrate that the official "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, Funderburk submitted no evidence to controvert Block's evidence that Block had no control over, nor any responsibility for, the county jail at the time Funderburk's alleged assault occurred.
 
 
 8
 In addition, where a sheriff is responsible for the development and implementation of prison policy, plaintiff can succeed in demonstrating that the sheriff has participated in the constitutional deprivation where the plaintiff demonstrates the policy caused the constitutional deprivation. See Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991) (en banc), cert. denied, 502 U.S. 1074 (1992). Inadequate training can constitute a policy giving rise to section 1983 liability. See Merritt, 875 F.2d at 769 (explaining Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978)).
 
 
 9
 Here, Funderburk contends, even absent direct participation, defendant Block's failure to train his deputies to warn the marshals in charge of the county jail that mentally-ill inmates should be separated from the general population is sufficient to establish liability under section 1983. Funderburk's only evidence that defendant Block provided inadequate training, however, was the fact that Funderburk had been raped and assaulted. "Mere proof of a single incident of errant behavior is a clearly insufficient basis for imposing liability" under section 1983 on an inadequate training theory. Merritt, 875 F.2d at 770 (citing Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985) (plurality opinion)).
 
 
 10
 Accordingly, the district court properly granted summary judgment for defendant Block. See Taylor, 880 F.2d at 1045; Merritt, 875 F.2d at 770.
 
 B. County of Los Angeles
 
 11
 Funderburk contends that the district court erred by granting summary judgment on his claim that the County did not adequately train its employees that mentally-ill inmates should be segregated from the general population.
 
 
 12
 Counties may be held liable under section 1983 "when their official policies or customs cause their employees to violate another's constitutional rights." See Merritt, 875 F.2d at 769. For reasons similar to those set forth in the previous subsection, we conclude that the district court properly granted summary judgment on Funderburk's claim that the County inadequately trained correctional officers concerning the need to segregate mentally-ill inmates from the general population. See id. at 770.
 
 II
 Leave to Amend
 
 13
 Funderburk contends that the district court erred by denying his motion for leave to amend his complaint pursuant to Fed. R. Civ. P. 21 by which he sought to add the Los Angeles County Marshal's Office as a defendant. This contention lacks merit.
 
 
 14
 We may affirm on any grounds supported by the record. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir. 1989), cert. denied, 496 U.S. 437.
 
 
 15
 Under Fed. R. Civ. P. 21, "[p]arties may be ... added by order of the court on motion of any party ... at any stage of the action and on such terms as are just." See Ybarra v. City of San Jose, 503 F.2d 1041, 1042 n.1 (9th Cir. 1974) (per curiam). Under Fed. R. Civ. P. 15(c), amendments which seek to add parties relate back only when "the parties to be added receive notice of the lawsuit within the applicable limitations period." Merritt, 875 F.2d at 768 n.4 (citing Schiavone v. Fortune, 477 U.S. 21, 29 (1986)); see also Louisiana-Pacific Corp. v. ASARCO, Inc., 5 F.3d 431, 434 (9th Cir. 1993). Because rule 15(c) is a more specific and a more recent enactment than rule 21, rule 15(c) controls the interpretation of rule 21. See 6 Charles A. Wright et al., Federal Practice and Procedure Sec. 1479 (2d ed. 1990) (discussing relationship of rule 15 and rule 21); accord Hellon & Assocs., Inc. v. Phoenix Resort Corp., 958 F.2d 295, 297 (9th Cir. 1992) (discussing principle of statutory construction that specific, recent enactments control more general, older enactments).
 
 
 16
 The statute of limitations for a section 1983 action filed in California is one year. See Lewald, Inc. v. City of Palm Desert, 998 F.2d 680, 688 (9th Cir. 1993), cert. denied, 114 S. Ct. 924 (1994). Here, Funderburk's alleged assaults occurred in May and June, 1993. The Marshal's Department did not receive notice of the lawsuit until January, 1995.[1] Accordingly, we conclude that the district court properly denied Funderburk's motion for leave to amend. See Merritt, 875 F.2d at 768 n.4.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because defendants' motion for summary judgment, which stated that the Marshal's Department was in charge of the jail where Funderburk was allegedly assaulted, was filed on January 5, 1995, and Funderburk's motion for leave to amend was filed on January 24, 1995, and both lie outside the statute of limitations for a section 1983 action, we need not decide if defendants' motion for summary judgment was sufficient to put the Marshal's Department on notice of this lawsuit