**Saksit NAKARANURACK,**
**Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

No. 97–16242.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 24, 2000

Filed Oct. 27, 2000

Xavier Gonzales, Las Vegas, Nevada, for the petitioner-appellant.

Heather Phillips, Office of Immigration Litigation, Department of Justice, Washington, D.C., for the respondent-appellee.

Before: B. FLETCHER, HAWKINS, and THOMAS, Circuit Judges.

B. FLETCHER, Circuit Judge:

Petitioner Saksit Nakaranurack is a Thai citizen who came to the United States at the age of six. In 1988, he was convicted of a drug offense. The INS initiated deportation proceedings against him, and in 1990 an Immigration Judge denied discretionary waiver of deportation pursuant to INA § 212(c). The Board of Immigration Appeals ("BIA") affirmed in 1993.

At the time, Nakaranurack was entitled to file a petition for review of the BIA decision in this court. However, because of his attorney's errors, Nakaranurack did not learn of the BIA decision until after the deadline for filing such a petition. Nakaranurack then filed a habeas action alleging all the claims he would have raised in a petition for review, but not explaining why he had failed to file a petition for review.

In 1994, the habeas court dismissed the petition for lack of jurisdiction because, by failing to file a petition for review of the

BIA decision, Nakaranurack had not exhausted available remedies. Nakaranurack appealed. In a published opinion, we held that "an alien may petition for habeas review of a deportation order *only* if the issues raised concerning the validity of that deportation order had not and could not have been determined in a prior judicial proceeding." *Nakaranurack v. United States*, 68 F.3d 290, 294 (9th Cir.1995) ("*Nakaranurack I*"). However, we held, if Nakaranurack had no notice of the BIA decision, he could not have filed a petition for review, and therefore habeas review would be appropriate. *Id.* Consequently, we remanded to the district court for a factual determination as to "whether Nakaranurack was afforded an opportunity to challenge the BIA's decision." *Id.*

On remand, the district court held a hearing and determined that Nakaranurack had notice and an opportunity to file a petition for review from the BIA decision. Since Nakaranurack had defaulted on the petition for review, the district court dismissed the petition for lack of jurisdiction. Nakaranurack appeals the dismissal of his habeas petition here.

## I

■ The district court had jurisdiction pursuant to 28 U.S.C. § 2241. *See Magana–Pizano v. INS*, 200 F.3d 603 (9th Cir. 1999). We have jurisdiction pursuant to 28 U.S.C. § 2253. A district court's dismissal of a habeas petition based on procedural default presents an issue of law reviewed de novo. *See Fields v. Calderon*, 125 F.3d 757, 759–60 (9th Cir.1997).

## II

■ Nakaranurack argues that this court erred when, in *Nakaranurack I*, we

held that the district court lacked habeas jurisdiction unless Nakaranurack had exhausted his remedies by filing a petition for review, or demonstrated that he could not have done so. This contention must fail; if Nakaranurack wished to challenge the validity of our ruling in *Nakaranurack I*, he could have called for an *en banc* rehearing of the case or filed a petition for certiorari in the Supreme Court, both of which are now foreclosed by virtue of the passage of time. However, this is not the end of our inquiry.

While this case was pending before the district court for the second time, Congress passed the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996), and the jurisdictional landscape shifted. Among other things, AEDPA eliminated direct review of final orders of deportation against criminal aliens such as Nakaranurack. AEDPA § 440(a) amended the former 8 U.S.C. § 1105a(a)(10) (section 106(a)(10) of the INA) to read as follows:

> Any final order of deportation against an alien who is deportable by reason of having committed a criminal offense covered in section 241(a)(2)(A)(iii), (B), (C), (D), or any offense covered by section 241(a)(2)(A)(ii) for which both predicate offenses are covered by section 241(a)(2)(A)(i), shall not be subject to review by any court.

110 Stat. 1214, 1276.[1] The criminal acts referenced in AEDPA § 440(a) are now codified at 8 U.S.C. § 1227, and include "a violation of (or conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance . . . oth-

---

1. IIRIRA subsequently repealed § 1105a altogether. *See* Pub. L. No. 104–208, Div. C., Title II, § 306(b), Sept. 30, 1996, 110 Stat. 3009–612. However, IIRIRA does not apply to this case, because that Act does not apply to cases in which a final order of deportation was filed prior to October 30, 1996. *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.

1997). If no appeal is taken from a BIA decision, a deportation order becomes final upon the expiration of the time allotted for appeal. *See id.* at 1150, n. 4. The time allotted for Nakaranurack's petition for review thus expired 30 days after the BIA's 1993 decision, far before IIRIRA's passage.

er than a single offense involving possession for one's own use of 30 grams or less of marijuana." 8 U.S.C. § 1227(a)(2)(B)(i). In his habeas petition, Nakaranurack states that he was convicted of "Unlawful Delivery of a Controlled Substance, to wit: Cocaine, a felony." Thus, AEDPA § 440(a) eliminated petitions for direct review of BIA decisions in cases such as Nakaranurack's.

If we apply § 440(a) retroactively, the entire jurisdictional question framed by the panel in *Nakaranurack I* becomes moot—a petition for direct review of the BIA decision no longer exists and is no longer a bar to habeas jurisdiction.

 The government argues that AEDPA § 440(a) must be applied retroactively.[2] The government relies primarily on our decision in *Duldulao v. INS*, 90 F.3d 396 (9th Cir.1996). In *Duldulao*, we held that § 440(a) applies to revoke our jurisdiction over a petition for direct review of a BIA decision that was pending on the date of AEDPA's enactment (April 24, 1996). We held:

> AEDPA section 440(a) withdraws the jurisdiction that Congress had previously conferred on courts of appeals to review certain final orders of deportation. When a statute confers jurisdiction and Congress repeals that statute, "the power to exercise such jurisdiction [is] withdrawn, and ... all pending actions f[a]ll, as the jurisdiction depend[s] entirely upon the act of Congress."

*Duldulao*, 90 F.3d at 399 (quoting *Assessors v. Osbornes*, 76 U.S. (9 Wall.) 567, 575, 19 L.Ed. 748 (1869) (alterations in original)).

 Our holding in *Duldulao* was based in large part on the Supreme Court's decision in *Landgraf v. USI Film Products*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). We cited *Landgraf*, 511 U.S.

at 274, 114 S.Ct. 1483, for the proposition that "present law usually governs" when jurisdictional rules change during the pendency of a case "because jurisdictional statutes 'speak to the power of the court rather than to the rights or obligations of the parties.'" *Duldulao*, 90 F.3d at 399 (quoting *Landgraf*, 511 U.S. at 274, 114 S.Ct. 1483). This reasoning applies whether the changed jurisdictional rule *withdraws* or *confers* jurisdiction. *See Landgraf*, 511 U.S. at 274, 114 S.Ct. 1522; *Duldulao*, 90 F.3d at 399. Indeed, both the Supreme Court and our court have retroactively applied new jurisdictional rules that grant jurisdiction, even where jurisdiction was lacking at the time the action was filed.

In *Andrus v. Charlestone Stone Products Co.*, 436 U.S. 604, 608 n. 6, 98 S.Ct. 2002, 56 L.Ed.2d 570 (1978), the plaintiff filed suit at a time when federal law required plaintiffs to allege a set amount in controversy ($10,000) in federal question cases. The plaintiff failed to allege a sufficient amount in controversy; however, while the case was pending on appeal, Congress passed a statute that eliminated the amount in controversy requirement for federal question cases. *Id.* at 607–08, 98 S.Ct. 2002. Although the district court lacked jurisdiction over the case when it was filed, the Supreme Court held that it now had jurisdiction. *Id.*

Similarly, in *United States v. Alabama*, 362 U.S. 602, 80 S.Ct. 924, 4 L.Ed.2d 982 (1960) (per curiam), the government brought a civil rights action against the state of Alabama at a time when suits against states were barred. The district court dismissed the action, and the court of appeals affirmed. *Id.* at 603–04, 80 S.Ct. 924. While the case was pending before the Supreme Court, Congress passed the Civil Rights Act of 1960, which allowed

---

**2.** Of course, the government makes this contention in a very different context—it argues that we lack jurisdiction over this habeas action because § 440(a) of AEDPA eliminated all review of final orders of deportation against aliens such as Nakaranurack who have been convicted of drug offenses. That argument must fail in light of our recent holding in *Magana–Pizano*, 200 F.3d at 609.

such actions against a state. *Id.* at 604, 80 S.Ct. 924. The Supreme Court reversed the dismissal and remanded because, by virtue of the new law, the district court now had jurisdiction. *Id.*

We followed suit in *In Re Arrowhead Estates Dev. Co.*, 42 F.3d 1306 (9th Cir. 1994). In that case, the appellant filed a notice of appeal from a bankruptcy court's oral judgment before the final judgment was entered on the record. *Id.* at 1308. At the time, a notice of appeal filed before a judgment was entered was invalid, and the Bankruptcy Appellate Panel ("BAP") therefore dismissed the appeal for lack of jurisdiction. *Id.* at 1310. However, the rules governing notices of appeal changed while the case was pending before our court, so that a notice of appeal filed after the announcement of a decision but before the entry of judgment was treated as filed after the date of entry of judgment. *Id.* We held that the new rule applied retroactively, and therefore the BAP did have jurisdiction over the appeal. *Id.* at 1311.

 These cases persuade us that the district court has jurisdiction. Under *Duldulao*, AEDPA § 440(a) applies retroactively. Thus, regardless of the jurisdictional rules that were in existence when the habeas petition was filed, we apply the jurisdictional rules that exist now. Under *Landgraf*, *Andrus*, *Alabama* and *Arrowhead*, we apply new jurisdictional rules to retroactively grant jurisdiction even when it was lacking at the time the case was filed. Since the new jurisdictional rules have eliminated the requirement that aliens such as Nakaranurack file for direct review of a BIA decision before filing a habeas petition, we hold that the jurisdictional bar identified in *Nakaranurack I* is "now of no moment." *Landgraf*, 511 U.S. at 274, 114 S.Ct. 1483 (quoting *Andrus*, 436 U.S. at 607–608 n. 6, 98 S.Ct. 2002).[3]

We therefore reverse the district court's dismissal of this action. We hold that the district court has jurisdiction over the merits of Nakaranurack's habeas petition, and we remand for a hearing on the merits.

REVERSED and REMANDED

---

3. In a parallel context, we have recognized that a petitioner need not exhaust administrative remedies when to do so would be futile. *See, e.g., El Rescate Legal Serv., Inc. v. Executive Office of Immigration Review*, 959 F.2d 742, 747 (9th Cir.1991); *Aleknagik Natives Ltd. v. Andrus*, 648 F.2d 496, 499 (9th Cir. 1980).