Samuel M. NABORS, Plaintiff-Appellant,

v.

UNITED STATES of America et al.,
Defendants-Appellees.

No. 76–2636.

United States Court of Appeals,
Ninth Circuit.

Jan. 26, 1978.

**658**

Larry M. Lipke (argued), Santa Ana, Cal., for plaintiff-appellant.

Barry J. Trilling, Asst. U. S. Atty. (argued), Los Angeles, Cal., for defendants-appellees.

Before MERRILL and GOODWIN, Circuit Judges, and SCHNACKE,* District Judge.

MERRILL, Circuit Judge:

Samuel Nabors, an employee of the United States Air Force, asserts that he was denied promotions because of his age in violation of the Age Discrimination in Employment Act of 1967 as amended in 1974 (ADEA), 29 U.S.C. § 633a. He filed a for-mal complaint against the Air Force, and secured a formal hearing by a Complaints Examiner of the Civil Service Commission, who ruled that there had been no discrimination. Nabors then brought this action. The district court granted summary judgment for the government, based on the administrative record. The question presented by this appeal is whether it was proper for the district court to proceed on a review of the administrative record, or whether Nabors was entitled to a trial *de novo*.

In moving for summary judgment in the district court, the government relied on the decision of this court in *Chandler v. Johnson*, 515 F.2d 251 (9th Cir. 1975). After judgment was entered below by the district court the *Chandler* decision was reversed by the Supreme Court in *Chandler v. Roudebush*, 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976). *Chandler* involved a charge of racial discrimination in federal employment under Title VII of the Civil Rights Act of 1964 as amended in 1972. The Supreme Court held that under that Act, 42 U.S.C. § 2000e–16, when a federal employee brings suit after an adverse administrative decision of the Civil Service Commission regarding an unlawful discrimination claim she is entitled to a trial *de novo*. The question before us is whether that holding applies under the ADEA as well as under the Civil Rights Act.

The government asserts two grounds to distinguish Title VII from the ADEA: (1) Legislative history emphasized by the Supreme Court in *Chandler* clearly indicated that Congress, in amending the Civil Rights Act in 1972, wished both federal and private employees to enjoy trial *de novo* rather than judicial review of an administrative record. The legislative history of the ADEA is silent on the question. (2) The statutes are dissimilar with respect to the right of action provided. Under Title VII, the sections dealing with a private employee's right of action are expressly incorporat-

---

* Honorable Robert H. Schnacke, United States District Judge of the Northern District of California, sitting by designation.

ed by reference in the section dealing with federal employees.[1] By 1972 it was well established that the right of action enjoyed by private employees under Title VII is a trial de novo. See, e. g., McDonnell Douglas Corp. v. Green, 411 U.S. 792, 799, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under the ADEA no such incorporation by reference of the provisions governing private employees is to be found.[2]

The government contends that traditionally, when a federal employee seeks judicial redress of an agency ruling with reference to his employment, the judicial proceeding takes the form of a review of administrative action and is limited to the administrative record. Here, the government points out, the ADEA gives the employee a choice of remedies: He may proceed through the Civil Service Commission, or, bypassing the Commission, he may proceed by civil action. The civil action provided by subsection (c), as quoted supra note 2, should, the government contends, if it be construed as an action de novo, be limited to cases where the intervention of the Civil Service Commission has not been sought.

In our judgment the similarities between the two Acts in their provisions respecting federal employees are such as to completely outweigh the differences, and compel the construction that the civil action provided by both Acts be of the same character.[3]

Both Acts utilize the Civil Service Commission when dealing with discrimination claims of federal employees. That Commission itself can review the action taken by the employing agency upon an employee's complaint (see 42 U.S.C. § 2000e–16(c) and is given authority, without resort to the courts, to enforce the Act's provisions through appropriate remedies (42 U.S.C. § 2000e–16(b); 29 U.S.C. § 633a(b)). Commission regulations are to a considerable extent the same for both Acts (see 5 C.F.R. §§ 713.201, et seq. and 713.501, et seq. (1977)). If there be some sound reason why Congress should wish that a civil action to redress an adverse Commission decision should, as to certain employment practices, be de novo, and, as to other practices, be a review of administrative action, it has not been suggested to us.

While the Supreme Court did emphasize the legislative history of the civil rights amendment and the incorporation by reference of the sections dealing with a private employee's right to action, it did not rely entirely on these matters. It also placed significance on Congress' use of the term "civil action" in the statute. The Court states: "Here * * * there is a 'specific statutory authorization' of a district court

---

1. 42 U.S.C. § 2000e–16(c) provides that within 30 days of final action or 180 days from the filing of the initial charge, "an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e–5 of this title."
§ 2000e–16(d) provides:
   "The provisions of section 2000e–5(f) through (k) of this title, as applicable, [dealing with private employees] shall govern civil actions brought hereunder."

2. 29 U.S.C. § 633a(c) reads:
   "Any person aggrieved may bring a civil action in any Federal district court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter."
   29 U.S.C. § 633a(d) reads:
   "When the individual has not filed a complaint concerning age discrimination with the Commission, no civil action may be commenced by any individual under this section

until the individual has given the Commission not less than thirty days' notice of an intent to file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred. Upon receiving a notice of intent to sue, the Commission shall promptly notify all persons named therein as prospective defendants in the action and take any appropriate action to assure the elimination of any unlawful practice."

3. We note that courts frequently refer to interpretations of Title VII for assistance in defining analogous sections of the ADEA because the Acts are so similar. See, e. g., United Air Lines, Inc. v. McMann, —— U.S. ——, ——, 98 S.Ct. 444, 452, 54 L.Ed.2d 402 (1977) (Marshall, J., dissenting); Dartt v. Shell Oil Co., 539 F.2d 1256, 1259 (10th Cir. 1976) aff'd by equally divided court, —— U.S. ——, 98 S.Ct. 600, 54 L.Ed.2d 472 (1977); Curry v. Continental Airlines, 513 F.2d 691, 693 (9th Cir. 1975).

'civil action' which both *the plain language of the statute* and the legislative history reveal to be a trial *de novo.*" (emphasis supplied) 425 U.S. at 862, 96 S.Ct. at 1960. Footnote 37 to this quotation reads, in part:

"In most instances, of course, where Congress intends review to be confined to the administrative record, it so indicates, either expressly or by use of a term like 'substantial evidence,' which has 'become a term of art to describe the basis on which an administrative record is to be judged by a reviewing court.' [*United States v. Carlo Bianchi & Co.,* 373 U.S. 709, 715, 83 S.Ct. 1409, 10 L.Ed.2d 652.]" 425 U.S. at 862 n. 37, 96 S.Ct. at 1960. Here the language of 29 U.S.C. § 633a(c), "A civil action * * * for such legal or equitable relief as will effectuate the purposes of this chapter," would be to us a most unusual way of specifying review on an administrative record.

■ Nor can we accept the construction that § 633a(c) should be limited to actions brought where relief has not been sought from the Civil Service Commission. Subsection (b), as quoted *supra* note 2, provides that where no complaint has been filed with the Commission a civil action must be preceded by notice to the Commission, which notice then obligates the Commission to notify prospective defendants. Implicitly, it follows that where a complaint has been filed with the Commission this does not preclude the bringing of suit. It simply eliminates the need to give further notice to the Commission, and the need for the Commission to take the specified action.

Nor do we attach significance to the lack of legislative history regarding the amendment of the ADEA. The 1974 amendment of the ADEA followed by two years the amendment of the Civil Rights Act bringing federal employees within that Act's coverage. The similarity of the two Acts in form and substance strongly suggests that Congress, in 1974, felt it unnecessary to discuss and debate the old issues all over again and intended that the two Acts should have the same effect in that federal and private employees should both enjoy *de novo* civil actions under both Acts.

Finally we note that holding an employee to his original choice between administrative relief and a civil action could simply serve to discourage him from choosing the administrative route. This can hardly have been the congressional intent, and certainly would not serve the interests of an already overburdened judicial system.

We conclude that the civil action provided in the ADEA is an action *de novo.*

The government also contends that even if Nabors is entitled to trial *de novo,* he has in effect had just that; that the district court, in granting summary judgment, did not simply review administrative action, but granted judgment on the merits on the ground that the facts established, as matter of law, that there had been no discrimination.

■ This could well have been the intent of the district judge, but the basis for the court's action is not entirely clear to us. The administrative record was properly received by the district court and taken into consideration. *See Chandler v. Roudebush, supra,* 425 U.S. at 863 n. 39, 96 S.Ct. 1949; F.R.Evid. 803(8)(C). The court recited the facts as disclosed in the record and concluded:

"In an age discrimination case against the Federal Government wherein there is an administrative record before the Court that establishes, from facts such as those set out above, that there has been no unlawful discriminatory action by the defendants, the Government is entitled to judgment as a matter of law."

This suggests that the administrative determinations were accepted by the court as conclusive, or at least that the court regarded its function as one solely of administrative review. If so, this was error under *Chandler.*

Nor can we agree with the government that the undisputed facts establish as a matter of law that no discrimination occurred. While the facts were largely undisputed, what Nabors questions is the inferences drawn from those facts by the Com-

plaints Examiner, and the self-serving explanations given by Nabors' superior as to the reasons for the actions he took respecting Nabors. In our judgment, while there is strong rational support for the inferences drawn by the Complaints Examiner, they are not so clearly the only rational inferences as to eliminate all question and resolve the dispute as matter of law. As to the statements of Nabors' superior, Nabors should have the opportunity, if he chooses, to have that statement presented, subject to cross-examination, in open court.

It remains, then, for the district court to draw its own inferences and make its own findings on these disputed matters.

Reversed and remanded for further proceedings.