Dafro M. JEFFERIES,
Plaintiff-Appellant,

v.

HARRIS COUNTY COMMUNITY ACTION ASSOCIATION, et al.,
Defendants-Appellees.

No. 82–2036
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 17, 1982.

---

Jesse R. Funchess, Houston, Tex., for plaintiff-appellant.

Ernesto Valdes, Houston, Tex., for defendants-appellees.

Before GEE, RANDALL and TATE, Circuit Judges.

PER CURIAM:

The plaintiff Jefferies appeals from dismissal of her Title VII claims. On an earlier appeal, we had affirmed the rejection of some of her claims, but we remanded for further findings with regard

(a) to her claim that the denial of a promotion was discriminatory against her as a black female, in that the district court had not addressed the issue of whether Jefferies had made out a prima facie case under *McDonnell Douglas* [*Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)] and made no findings concerning the comparative qualifications of Jefferies and the successful applicant (Jones) and

(b) to her claim that her discharge was retaliatory against her because she had filed an EEOC charge (which claim was remanded because the district court's former reason for rejection of it, alleged lack of notice by the employer of a for-mal filing of the discharge, was clearly erroneous. The employer had informal, verbal notice of Jefferies' intent to file the EEOC charge slightly before the discharge). *Jefferies v. Harris County Community Action Ass'n*, 615 F.2d 1025 (5th Cir.1980).

On the remand, the district court, 425 F.Supp. 1208, entered supplemental findings of fact and conclusions of law, utilizing the *McDonnell Douglas* methodology. However, it similarly concluded that Jefferies had not proved her claims either of discriminatory denial of promotion or of retaliatory discharge. On her appeal, Jefferies contends that the district court erred (1) in finding that she did not establish a prima facie case of racial and sexual employment discrimination in promotion, (2) in its alternative holding that, even if she had, the employer had proved that its decision not to promote was based upon a legitimate non-discriminatory reason (the superior qualifications of the successful applicant), and (3) in its holding that the plaintiff did not show by a preponderance of the evidence that the articulated reason for the plaintiff's discharge was merely pretextual, but that instead the true motive was in retaliation for known intention of filing an EEOC complaint for her non-promotion.

Under established limits upon appellate review, especially the requirement that the trier's factual findings be not disturbed unless clearly erroneous, Fed.R.Civ.P. 52(a), we must affirm.

As to contentions (1) and (2), based in part on credibility evaluations, the district court accepted the employer's explanation that Jones was promoted instead of the plaintiff Jefferies because he possessed, and she lacked, supervisory experience. The pre-promotion stated requirements for the position included a minimum of three years supervisory experience in a program similar in nature. (Jones had two years supervisory experience.) Under this non-clearly erroneous finding of fact, the plaintiff Jefferies' case falls, for the promotion of a better qualified applicant is a legitimate and nondiscriminatory reason for preferring the successful applicant over the rejected

employee who claims that the rejection was discriminatory. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1094, 1096–96, 67 L.Ed.2d 207 (1981).

As to (3) (the claimed retaliatory discharge), the district court found that, while the employer had knowledge that Jefferies had filed an EEOC complaint prior to her discharge, the evidence showed that she was in fact discharged for distributing confidential personnel records, a legitimate and non-pretextual reason for the discharge. In our original opinion, we had apparently concluded that this was a non-pretextual reason for the discharge (when we affirmed rejection of Jefferies related claim for retaliatory discharge, based not upon the EEOC charge but instead upon her past actions in opposingly unlawful employment practices). *Jefferies, supra,* 615 F.2d at 1036–37. Under the district court's factual findings, and this court's prior upholding of discharge for such a cause as non-pretextual, we cannot say that the district court erred.

Accordingly, we AFFIRM the judgment of the district court dismissing the plaintiff Jefferies' suit.

AFFIRMED.