**Vincent J. LIMONGELLI,**
**Plaintiff-Appellant/Cross-Appellee,**

v.

**POSTMASTER GENERAL OF the UNITED STATES, et al., Defendants-Appellees/Cross-Appellant.**

**Nos. 82–5015, 82–5154.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 1983.

Decided April 25, 1983.

As Amended May 24, 1983.

Larry M. Lipke, Santa Ana, Cal., for plaintiff-appellant/cross-appellee.

Peter R. Osinoff, Asst. U.S. Atty., Los Angeles, Cal., for defendants-appellees/cross-appellant.

Before NELSON and NORRIS, Circuit Judges, and SOLOMON,* District Judge.

## PER CURIAM:

Vincent J. Limongelli filed an action against the United States of America, the Postmaster General and the Postal Service (appellees) for various acts of discrimination and retaliation under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a (1976 & Supp. V 1981) and for nepotism under 5 U.S.C. § 3110 (1976 & Supp. V 1981), resulting in his failure to be promoted. Before trial, the court dismissed Limongelli's nepotism claim on the ground that there is no private cause of action under the statute. After trial, the court found against Limongelli on all but one of his claims of discrimination.

Limongelli appeals.

The appellees cross appeal on the one claim on which the district court found in favor of Limongelli. It related to the in-

stallation of a fuel measuring device on a delivery jeep which Limongelli operated and which Limongelli asserts was installed in retaliation for his complaints. Appellees also seek to reverse the court's award of costs to Limongelli.

### Facts

Limongelli was born in 1926. He became a letter carrier in 1944 and has worked at the Costa Mesa, California Post Office since 1965.

Lyle Ver Planck was the Postmaster in Costa Mesa. In June, 1976, while Ver Planck was temporarily assigned out of the area, a supervisory position was filled. Limongelli and five others had applied for that position. A three member advisory panel held a brief interview with each of the applicants. Limongelli was asked about his age and the number of years before retirement. At the trial, however, each panel member testified that age had no bearing on his recommendation. The panel and the acting Postmaster unanimously recommended Ver Planck's nephew, Nathan Ver Planck, who was 37 years old. Limongelli, then 49, filed charges with the Equal Employment Opportunity Commission (EEOC). He charged that he was not promoted because of age discrimination and nepotism.

In June, 1978, Limongelli applied for a second supervisory position. In late 1976, a course in postal supervision had become an eligibility requirement for promotion to a supervisory position. Limongelli was found ineligible because he failed to take that course. Limongelli again filed an EEOC charge for age discrimination and retaliation. He asserted that he had been discriminated against because he filed the earlier charges.

In November, 1978, Limongelli applied for a vacant supervisory position. Completion of a program called Profile Assessment System for Supervisors was a requirement

---

* The Honorable Gus J. Solomon, United States District Judge for the District of Oregon, sitting by designation.

for this position. Limongelli did not complete the program and he was not promoted. He then filed a third EEOC charge.

*Limongelli's Appeal*

A. Private Cause of Action for Nepotism

 Although no private cause of action is expressly created in 5 U.S.C. § 3110, appellant contends that one should be implied. The Supreme Court in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) announced general rules for deciding if a private right of action is implicit in a statute. The Court listed four factors to be considered:

First, is the plaintiff "one of the class for whose *especial* benefit the statute was enacted,"—that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

*Id.* at 78, 95 S.Ct. at 2087 (citations omitted). The ultimate issue is whether Congress intended to create a private cause of action, and the factors in *Cort* are the criteria to be used to discern this intent. *California v. Sierra Club,* 451 U.S. 287, 293, 101 S.Ct. 1775, 1778, 68 L.Ed.2d 101 (1981).

 Limongelli contends that he satisfied the first factor in *Cort* because he is a member of the class for whose special benefit section 3110 was enacted. We disagree. Whether a statute was enacted for the benefit of a special class is determined by the language of the statute. *Cannon v. University of Chicago,* 441 U.S. 677, 689, 99 S.Ct. 1946, 1953, 60 L.Ed.2d 560 (1979). The issue in *Cannon* was whether section 901(a) of Title IX of the Education Amendments of 1972 created a private cause of action. The statute states that "No person . . . shall, on

the basis of sex, be excluded from participation in . . . any education program or activity receiving Federal financial assistance . . . ." The Court found that the statute's "unmistakable focus on the benefited class," 441 U.S. at 691, 99 S.Ct. at 1955, satisfied the first *Cort* factor.

In other cases, the Court found implied causes of action when the statutory language focused on the class to be benefited. *See, e.g., Sullivan v. Little Hunting Park,* 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969) (42 U.S.C. § 1982: "All citizens of the United States shall have the same right . . . as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."); *Allen v. State Board of Elections,* 393 U.S. 544, 557, 89 S.Ct. 817, 827, 22 L.Ed.2d 1 (1969) (section 5 of the Voting Rights Act of 1965: "no person shall be denied the right to vote for failure to comply with [unapproved state laws]").

By contrast, the language of section 3110 focuses not on the benefited class, but rather on those who are prohibited from specified acts. Section 3110(b) states that "A public official may not appoint, employ, promote, advance, or advocate for . . . a relative . . . ." This language is closer to the language in statutes where the Supreme Court declined to imply a private cause of action. *See, e.g., California v. Sierra Club,* 451 U.S. 287, 101 S.Ct. 1775, 68 L.Ed.2d 101 (1981) (section 10 of the Rivers and Harbors Act of 1899: "The creation of any obstruction . . . to the navigable capacity of any of the waters of the United States is prohibited . . . .").

 We hold that Limongelli failed to satisfy the first factor in *Cort,* and the statute does not create a federal right in his favor. He is not a member of a class for whose special benefit section 3110 was enacted.

The legislative history of section 3110 does not reveal any congressional intent either to grant or deny a private cause of action. The Act was passed as part of the Postal Revenue and Federal Salary Act of

1967. Rep. Smith of Iowa, the sponsor of the anti-nepotism section of the Act, stated that nepotism in hiring is bad for morale and against the interest of the government. 113 Cong.Rec. 28,659 (1967). The Senate and Conference Reports state only that the section's purpose is to prohibit officials from hiring their relatives. S.Rep. No. 801, 90th Cong., 1st Sess., *reprinted in* 1967 U.S. Code Cong. & Ad.News 2258, 2284–85; H.R. Conf.Rep. No. 1013, 90th Cong., 1st Sess., *reprinted in* 1967 U.S.Code Cong. & Ad. News 2301, 2312–13. We find no evidence in the legislative history of a congressional intent to create a private cause of action.

Where neither the language of the act nor its legislative history shows a congressional intent to create a private cause of action under section 3110, there is no reason to consider the final two *Cort* factors. *California v. Sierra Club, supra,* 451 U.S. at 297–98, 101 S.Ct. at 1780–1781; *Osborn v. American Ass'n of Retired Persons,* 660 F.2d 740, 745 (9th Cir.1981). We hold there is no private cause of action under section 3110.

■ In addition, there is another factor which supports our decision. Title 5 provides an administrative remedy for a violation of section 3110. When Congress provides a particular remedy for a statutory violation, the courts must be careful of reading other remedies into the statute. *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 19–20, 100 S.Ct. 242, 246–247, 62 L.Ed.2d 146 (1979).

In 1978, when Congress passed the Civil Service Reform Act, it reaffirmed section 3110's prohibition of nepotism. 5 U.S.C. § 2302(b)(7) (Supp. V 1981). An employee who alleges a prohibited personnel practice must petition the Office of Special Counsel for an investigation and corrective action. 5 U.S.C. § 1206. He may not assert a private cause of action under 5 U.S.C. § 3110.

### B. The 1976 Non-Promotion

Limongelli next contends that the district court erred in finding that the defendants articulated a legitimate, non-discriminatory reason for not promoting him in 1976.

■ Limongelli sued under section 15 of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a. Allocation of the burdens of proof and presentation are the same in age discrimination cases as in Title VII discrimination cases. *Sutton v. Atlantic Richfield Co.,* 646 F.2d 407, 411 (9th Cir.1981). A plaintiff must establish a *prima facie* case; a defendant may then rebut the inference of discrimination with a legitimate, non-discriminatory reason for the action; a plaintiff then has the opportunity to show that the stated reason was a pretext for discrimination. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Sutton v. Atlantic Richfield Co., supra.*

Here, the appellees concede that Limongelli has established a *prima facie* case of age discrimination, but they assert there was ample evidence to support the district court's finding that appellees rebutted the inference of discrimination with a legitimate, non-discriminatory reason, namely, that the person selected was better qualified than Limongelli. *See Jefferies v. Harris County Community Action Association,* 693 F.2d 589, 590–91 (5th Cir.1982).

■ Ver Planck's nephew had an A.A. degree in business management; productivity increased when he was acting supervisor; and he properly completed his paperwork. Limongelli did not always complete his paperwork on time; it was often illegible or inaccurate; and when he was acting supervisor, productivity decreased.

Limongelli neither rebutted this evidence nor showed that it was a pretext. The district court properly found that there was no discrimination because of age.

### C. The 1978 Non-Promotions

Finally, Limongelli contends that the district court erred in finding that Limongelli failed to establish a *prima facie* case of discrimination for the two non-promotions in 1978.

■ There is no merit in this contention. Limongelli was not qualified for either job

because he had not completed the required programs. *See Lynn v. Regents of the University of California,* 656 F.2d 1337, 1344 (9th Cir.1981) (objective job qualifications are best considered as part of plaintiff's *prima facie* case), *cert. denied,* —— U.S. ——, 103 S.Ct. 53, 74 L.Ed.2d 59 (1982).

### Defendants' Cross-Appeal

As part of a nationwide program to conserve fuel, four devices that measure fuel consumption were assigned to the station where Limongelli worked. They were installed in January, 1981 in cars used on delivery routes that took more than eight hours to complete. Limongelli's route was one of them. Four weeks after information was first gathered from the device, the car was switched to another route. The same procedure was followed for the other cars containing these devices. Limongelli was not subjected to or threatened with adverse employment action because of the information gathered from the device.

Limongelli neither filed an EEOC charge over the incident nor did he allege it in his judicial complaint. He raised it for the first time at the trial. Nevertheless, the court found the installation discriminatory.

The government contends that the finding was erroneous because: (1) the court lacked authority to hear the issue and (2) there was no discrimination. We agree. A federal employee has two options when he presents an age discrimination claim under the ADEA. First, he may give the EEOC thirty days' notice of his intent to sue and then file an action in federal court; second, he may file charges with the EEOC, await its final determination, and file an action in federal court if he is dissatisfied. 29 U.S.C. § 633a(c), (d); *Purtill v. Harris,* 658 F.2d 134, 138 (3d Cir.1981).

■ Limongelli failed to follow either course. He contends, however, that this later act should be incorporated into his earlier EEOC charges. We have stated:

> When an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC.

*Oubichon v. North American Rockwell Corp.,* 482 F.2d 569, 571 (9th Cir.1973).

Here, the device was not installed during the pendency of his charges before the EEOC, but only after a final decision. The charge was not like or reasonably related to the allegations in the EEOC charges. Limongelli complained that he was not promoted. He did not allege a pattern of discrimination that might have included this charge. *See Ramirez v. National Distillers and Chemical Corp.,* 586 F.2d 1315, 1320 (9th Cir.1978).

This incident was not encompassed in his earlier EEOC charge. He did not exhaust his administrative remedies under ADEA and therefore cannot look to the courts for relief. *Purtill v. Harris, supra; Bunch v. United States,* 548 F.2d 336, 340 (9th Cir. 1977).

■ We have also considered the merits of the claim and find that there was no evidence to support the court's finding that the installation of the fuel measuring device was discriminatory.

■ Except on this one minor issue, which we reverse, Limongelli received none of the relief he requested. He was not the prevailing party in the district court. 28 U.S.C. § 2412(a) (Supp. V 1981). The district court's award of costs is therefore reversed.

The judgment of the district court is affirmed in part, reversed in part and remanded for the entry of a judgment consistent with this opinion.