813 F.2d 402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Alfred MILLER, Jr., Appellant,
v.
UNITED STATES of America; Naval Air Rework Facility, Cherry
Point, North Carolina; Col. Lewis C. Watt, USMC, Officer;
Reginald M. McNamara, Employee; (Only if Legally required),
Hon. John Lehman, Secretary of the Navy, Appellees.
James A. MILLER, Jr., Appellant,
v.
UNITED STATES of America; Naval Air Rework Facility, Cherry
Point, North Carolina; Col. Lewis C. Watt, USMC, Officer;
Reginald M. McNamara, Employee; Secretary of the Navy, Hon.
John Lehman, Appellees.
 Nos. 85-2132, 85-2158.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 8, 1986.
Decided Sept. 11, 1986.
 
 Before SPROUSE, CHAPMAN and WILKINSON, Circuit Judges.
 
 
 1
 James Alfred Miller, Jr., appellant pro se.
 
 
 2
 James S. Perry, Assistant United States Attorney; David E. Kirpatrick, Legal Counsel, Naval Air Rework Facility, for appellees.
 
 
 3
 PER CURIAM;
 
 
 4
 James Miller worked at the Naval Air Rework Facility (NARF) in Cherry Point, North Carolina. In July 1984, an apprentice class opening was announced. One of the qualifications for entry was that the candidate be less than 35 years old, to ensure economic payback. In August 1984, an updated memo notified the Personnel Training Officer that all candidates should be considered, regardless of age.
 
 
 5
 Miller worked at the NARF and applied for the apprentice class. Although he received a highly qualified rating and was initially rated third, he was not accepted for the class. Miller filed an administrative complaint charging discrimination on the basis of age. The administrative complaint, filed in November 1984, is presumably still under investigation. Apparently not content with the pace of the investigation, Miller filed, on February 14, 1985, an intent to sue letter. Five days later Miller was transferred to work in the corrosion barn. On March 18, 1985, Miller instituted this action in which he alleges age discrimination under 29 U.S.C. Sec. 633a and retaliatory transfer for his complaints regarding age discrimination.
 
 
 6
 The district court on September 26, 1985, dismissed the age discrimination suit because Miller had failed to exhaust administrative remedies. After further review, the district court dismissed the retaliation claim, finding that the federal government, by virtue of 29 U.S.C. Sec. 633a, subsection f, is not subject to the antiretaliation section (Sec. 623d) of the Age Discrimination in Employment Act (ADEA). Lehman v. Nakshian, 453 U.S. 156, 168 (1981). After an appeal was noted, Miller attempted to subpoena a witness to preserve his testimony. Fed.R.Civ.P. 27(b). When that motion was denied, Miller appealed that decision as well.
 
 
 7
 A federal employee has two options in presenting a claim of discrimination under the ADEA: he may file a complaint with the EEOC and commence suit following its determination, or he may forego administrative action and file suit in federal court after giving the EEOC thirty days notice of intent to sue. See 29 U.S.C. Sec. 633a(c), (d). Miller, by filing his complaint with the EEOC, chose the first option. Having done so, he may not abandon his administrative remedies and proceed under the second option upon giving notice of intent to sue. Rather he must await administrative determination of his complaint. Purtill v. Harris, 658 F.2d 134, 138 (3d Cir.1981), cert. denied, 462 U.S. 1131 (1983). See also Limongelli v. Postmaster General, 707 F.2d 368, 373 (9th Cir.1983). As the record contains no evidence that the administrative investigation begun in 1984 has ever been concluded, we affirm the district court's dismissal of the claim for lack of administrative exhaustion.
 
 
 8
 The district court dismissed the retaliation claim on the basis that 29 U.S.C. Sec. 623d, covering retaliation by employers, was not made applicable to federal workers by Sec. 633a of the ADEA. The court concluded that Sec. 633a(f)[1] isolates federal workers from remedies or actions not enumerated in Sec. 633a.
 
 
 9
 We note that a number of courts, without addressing the issue, have considered retaliation claims, brought in conjunction with age discrimination claims, implying that a remedy for retaliation is available to federal employees under the ADEA. Limongelli v. Postmaster General, 707 F.2d 368 (9th Cir.1983) (claim for failure to promote under ADEA; associated claim of retaliation not considered because not properly exhausted); Kirby v. Dole, 736 F.2d 661 (11th Cir.1984) (age discrimination and retaliation claim had been settled in administrative proceedings); Schmid v. Frosch, 680 F.2d 248 (D.C.Cir.1982) (summary judgment improper on age discrimination and retaliation claim). Judge Robinson of the D.C. Circuit suggested a basis for recognition of such a claim in a footnote to his concurring and dissenting opinion in Siegel v. Kreps, 654 F.2d 773, 782-83 n. 43 (D.C.Cir.1981):
 
 
 10
 The parties have proceeded on the common ground that a discharge in retaliation for a complaint of age discrimination is itself discrimination on the basis of age. The Act puts that beyond peradventure for the private sector. 29 U.S.C. Sec. 623(d) (1976). While the provision doing so is not extended statutorily to federal employment, id. Sec. 633a(f) (Supp. III 1979), it seems clear that analytically a reprisal for an age discrimination charge is an action in which age bias is a substantial factor.
 
 
 11
 We need not decide, however, whether a federal employee may bring a retaliation claim under the ADEA because, in this case, Miller has not satisfied the prerequisites to institution of such a claim in federal court.[2]
 
 
 12
 Miller has neither filed an intent to sue letter with respect to his claim of retaliatory transfer nor exhausted administrative remedies on that claim. He has thus failed to satisfy the prerequisites to institution of an ADEA claim in federal court. Nor is Miller entitled to the assertion of ancillary jurisdiction over his retaliation claim. This circuit has reserved the question whether ancillary jurisdiction may be exercised over an unexhausted retaliation claim growing out of an earlier charge. Aronberg v. Walters, 755 F.2d 1114, 1115 n. 1 (4th Cir.1985). Assuming, however, that ancillary jurisdiction may be asserted over a retaliation charge, the assertion depends upon the existence of a discrimination charge that is properly before the court. Gupta v. East Texas State University, 654 F.2d 411 (5th Cir.1981). As discussed above, there was not a discrimination charge properly before the district court in this case.
 
 
 13
 Finally, we must dismiss Miller's appeal from the denial of his motion to preserve a witness's testimony. Fed.R.Civ.P. 27(b) allows the district court to grant motions to perpetuate testimony while an appeal is pending. That decision is reviewable only for abuse of discretion. Ash v. Cort, 512 F.2d 909 (2d Cir.1975). However, Miller seeks to appeal from an order entered by the magistrate. Miller has not consented to the jurisdiction of the magistrate so as to make the order appealable under 28 U.S.C. Sec. 636(c)(3). Nor has Miller sought review of the order in the district court. Therefore, we have no statutory jurisdiction to hear the appeal. See Ambrose v. Welch, 729 F.2d 1084, 1085 (6th Cir.1984).
 
 
 14
 Accordingly, we dismiss the appeal from the order denying leave to depose a witness pending appeal. We also dismiss as moot Miller's interlocutory appeal from the partial summary judgment entered on the discrimination claim as that order is properly reviewed on appeal from the final judgment. We affirm the final judgment entered below on Miller's age discrimination and retaliation claims. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 15
 No. 85-2132 DISMISSED.
 
 
 16
 No. 85-2158 AFFIRMED.
 
 
 
 [1]
 29 U.S.C. Sec. 633a(f) reads:
 Any personnel action of any department, agency, or other entity referred to in subsection (a) of this section shall not be subject to, or affected by, any provision of this chapter, other than the provisions of section 631(b) of this title and the provisions of this section.
 
 
 [2]
 If a retaliation claim is available to Miller, we have no doubt that it must be pursued under the ADEA. See Purtill v. Harris, 658 F.2d 134 (3d Cir.1981), cert. denied, 462 U.S. 1131 (1983) (Sec. 633a is exclusive age discrimination remedy for federal workers); Patterson v. Weinberger, 644 F.2d 521 (5th Cir.1981) (same). See also Krodel v. Young, 748 F.2d 701 (D.C.Cir.1984) (retaliation claim may not be brought as claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971))