Wilhelm A. TIETZ, on behalf of himself and others similarly situated, Plaintiff,

v.

Otis R. BOWEN, Secretary of Health and Human Services, and Does I through X, inclusive, Defendants.

No. C-87-0279 WHO.

United States District Court, N.D. of California.

Aug. 12, 1987.

Maxine R. Benmour, Legal Assistance to the Elderly, Inc., San Francisco, Cal., for plaintiff.

Joseph P. Russoniello, U.S. Atty., Judith A. Whetstine, Chief, Civil Div., Stephen L. Schirle, Asst. U.S. Atty., San Francisco, Cal., for defendants.

## OPINION AND ORDER

ORRICK, District Judge.

Defendant, Secretary of Health and Human Services ("the Secretary"), brings this motion to dismiss or, in the alternative, for summary judgment, for failure of plaintiff, Wilhelm A. Tietz, on behalf of himself and others similarly situated, to exhaust administrative remedies under § 15 of the Age Discrimination in Employment Act ("ADEA"). 29 U.S.C. § 633a. The Secretary also moves to strike the jury demand, dismiss the liquidated damages claim, and dismiss the unnamed doe defendants. Plaintiff moves for class certification under Federal Rule of Civil Procedure 23(a) and (b)(2).

For the reasons stated below, the Court denies the Secretary's motion to dismiss for failure to exhaust administrative remedies (which is treated here as a motion for summary judgment), but grants the Secretary's motions to strike the jury demand, dismiss the liquidated damages claim, and dismiss the doe defendants. The Court also grants plaintiff's motion to certify the class as redefined by the Court, with Tietz as class representative.

I

Plaintiff is a 77–year–old man who was employed as an architect by the Department of Health and Human Services ("HHS") in the San Francisco office of the Regional Operations for Facilities Engineering and Construction ("ROFEC") from June 1967 until June 1985, when he was allegedly forced to retire due to a consolidation of the ten regional ROFEC offices into three "mega-regions." Under the consolidation, employees from ROFEC offices in San Francisco, Denver, Kansas City, Atlanta, Chicago, Philadelphia, and Boston were given directed reassignments to New York, Dallas, or Seattle. The employees were faced with the choice to relocate, resign (be separated for cause with severance pay), or, if qualified, retire in the usual manner or under discontinued service retirement. Plaintiff was given a reassignment from San Francisco to Dallas and chose to retire rather than relocate. Plaintiff alleges that HHS studied the ages of the ROFEC employees and chose the offices to be closed under the consolidation because ninety percent of the employees in those offices were over forty years of age.

A. *Facts Related to Class Certification.*

According to the personnel information provided by the government, as of January 31, 1985, ROFEC employed seventy-nine architects and engineers nationwide. Forty-eight employees were issued reassignments under the consolidation to regions other than that in which they were already working. The remaining employees were already located in the "mega-regions," except one, who was not reassigned because he had already stated his intention to resign. The reassignment letters were issued in March 1985, with a final reporting date to the new regional office in July 1985.

Ultimately, six ROFEC architects and engineers relocated to new regions. Nine transferred to positions in other federal agencies. The remaining thirty-four left government service; seven were separated with severance pay and twenty-seven retired. It is impossible to ascertain from the record before the Court which employees qualified for regular retirement and which accepted discontinued service retirement.

B. *Facts Related to Exhaustion of Administrative Remedies.*

Plaintiff initially contacted the Equal Employment Opportunity Commission ("EEOC") regarding his age discrimination claim by contacting the EEO counselor of the Assistant Secretary for HHS on January 25, 1985. The EEO counselor attempted informal conciliation of the class complaint between February and June of 1985. When conciliation was unsuccessful, plaintiff was advised of his right to file a formal class complaint with HHS and did so on July 15, 1985. On September 5, 1985, the attorney examiner for the EEOC office in San Francisco recommended to HHS that the class complaint be accepted with the proviso that plaintiff obtain adequate representation within thirty days of acceptance. On September 20, 1985, HHS rejected the class complaint for failure to satisfy the adequacy-of-representation requirement for maintenance of a class action. Plaintiff was not at that time represented by a lawyer.

On October 12, 1985, plaintiff filed an appeal with the Office of Reviews and Appeals ("ORA") of the EEOC. The notice of appeal was acknowledged by the ORA director on November 20, 1985. On June 9, 1986, and again on August 21, 1986, plaintiff's attorney attempted to obtain information from the ORA regarding the status of plaintiff's class action complaint and requested that the case be remanded to the local EEOC office for processing because plaintiff had obtained an attorney. On August 26, 1986, plaintiff's attorney received an unsigned form letter from the ORA Control Unit stating that plaintiff's case was awaiting assignment to an ORA attorney. Except for this letter, plaintiff's attorney has heard nothing further from the ORA of the EEOC regarding the status of the appeal of the class complaint. HHS has not been informed of the disposition of plaintiff's appeal to date. Plaintiff filed his

class action complaint with this Court on January 26, 1987.

## II

### A. *Exhaustion of Administrative Remedies.*

■ The Secretary contends that plaintiff's complaint should be dismissed for failure to exhaust administrative remedies because he has not awaited a final disposition of his appeal from the ORA of the EEOC before filing this suit in federal court. Section 15 of the ADEA, 29 U.S.C. § 633a, however, does not by its terms require complete exhaustion of administrative remedies. The statute provides that a plaintiff who has not filed a complaint with the EEOC may simply file a thirty-day notice of intent to sue within one hundred and eighty days of the alleged discrimination.[1] *Kennedy v. Whitehurst*, 690 F.2d 951, 961 (D.C. Cir.1982), holds that the only exhaustion requirement mandated by § 15 of the ADEA is that of either providing the EEOC with notice of intent to sue or actually filing a discrimination complaint with the EEOC.

Furthermore, in the absence of controlling authority in this Circuit to the contrary, the Court holds that the judicially-created "exhaustion requirement," i.e. that a complaint filed with the EEOC must reach a final determination before an action can be brought in federal court, does not apply when, through no fault of the plaintiff's, the final determination of the complaint has been delayed significantly beyond the EEOC's own regulation requiring the processing of complaints within one hundred and eighty days of filing. 29 C.F.R. § 1613.606. *But cf. Purtill v. Harris,*

658 F.2d 134, 138 (3d Cir.1981), *cert. denied*, 462 U.S. 1131, 103 S.Ct. 3110, 77 L.Ed.2d 1365 (1983), *cited in Limongelli v. Postmaster General*, 707 F.2d 368, 373 (9th Cir.1983).

The agency regulations under the ADEA do not suggest any other exhaustion requirements beyond those mandated by the statute and, in fact, seem to contemplate the simultaneous processing of complaints in the federal courts and at the agency level. Under 29 C.F.R. § 1613.513, "[t]he filing of a civil action by an employee or applicant does not terminate agency processing of a complaint or Commission processing of an appeal under this subpart [re ADEA]." Under 29 C.F.R. § 1613.641, which deals with the right to file civil actions in federal court for all kinds of discrimination, a lapse of one hundred and eighty days from the filing of a pending agency complaint or appeal based on race, color, religion, sex, and/or national origin is required before an action may be brought in federal court. With regard to age discrimination complaints, however, the regulation simply states: "An agent who filed a complaint or a claimant who has filed for relief based on age discrimination, is authorized to file a civil action in an appropriate U.S. district court." *See also* 29 C.F.R. § 1613.514.

Finally, the EEOC's own regulations require that both class and individual complaints must be processed in a timely manner. As to class complaints, the Code of Federal Regulations provides: "The complaint shall be processed promptly after it has been accepted. To this end, the parties shall proceed with the complaint without undue delay so that the complaint is pro-

---

1. Section 15 of the ADEA, 29 U.S.C. § 633a, applicable to federal employees, does not require that a complaint be filed with the EEOC before instituting an action for age discrimination in the federal courts. The relevant portions of § 633a provide:

   (a) All personnel actions affecting [federal] employees or applicants for employment who are at least 40 years of age ... shall be made free from any discrimination based on age.

   .   .   .   .   .

   (c) Any person aggrieved may bring a civil action in any Federal district court of compe-

tent jurisdiction for such legal and equitable relief as will effectuate the purposes of this chapter.

   (d) When the individual has not filed a complaint concerning age discrimination with the Commission, no civil action may be commenced by any individual under this section until the individual has given the Commission no less than thirty days' notice of an intent to file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred....

cessed within *180 calendar days* after it was *filed."* 29 C.F.R. § 1613.606 (emphasis added). The Secretary, citing only the first sentence, argues that this section does not apply because the class complaint was never "accepted" by HHS. The complaint was, however, "filed," and more than one hundred and eighty days have passed since its filing and since the filing of the appeal. In fact, more than two years have passed since plaintiff filed his class complaint with HHS on July 15, 1985.

The government relies heavily on the Third Circuit case of *Purtill, supra.* After careful consideration, the Court finds that the facts of the *Purtill* case are distinguishable from the facts before the Court in this case and that the reasoning of the *Purtill* decision is unpersuasive in this factual context. Furthermore, the *Limongelli* case, which cited the holding of *Purtill* is readily distinguishable from this case.

*Purtill* held that a plaintiff, who had filed two complaints with the EEOC, waited one hundred and eighty days without a final determination, and then filed an action in federal court, had not exhausted his administrative remedies under the ADEA. The court read § 15 of the ADEA, 29 U.S.C. § 633a, as providing a federal employee with two different options in pursuing an age discrimination claim. "He may forego administrative action and file suit in federal district court after giving the EEOC thirty days' notice of intent to sue" or "[a]lternatively, he may file a complaint with the EEOC and commence suit following its determination should he be dissatisfied with the EEOC's disposition." 658 F.2d at 138.

The court rejected the argument that Purtill was excused from failure to exhaust his administrative remedies because one hundred and eighty days had elapsed since the filing of the administrative complaints. The court reasoned that the provision under Title VII, 42 U.S.C. § 2000e–16(c), allowing suit within one hundred and eighty days if there is no action on the initial charge or appeal, is "conspicuously absent" from the corresponding provision of the ADEA, 29 U.S.C. § 633a(c). The court not-

ed the lack of legislative history on the issue but nevertheless was "persuaded" that the difference in the statutes was intentional and pointed to pragmatic, prudential reasons why a plaintiff who began administrative proceedings should be required to pursue them to the end. The court was apparently unaware of the regulations requiring the processing of age discrimination complaints within one hundred and eighty days of their filing, because no mention is made of the applicable code sections in the opinion. *See* 29 C.F.R. § 1613.606.

None of the reasons cited by the *Purtill* case for requiring a final determination of the administrative actions is persuasive in the factual context of this case. In *Purtill,* the plaintiff apparently waited exactly one hundred and eighty days after filing his EEOC complaints to bring suit in federal court, with no attempt to determine the status of the complaints on the agency level. In this case, however, plaintiff waited approximately one and one-half years, from July 15, 1985, to January 26, 1987, before initiating this action in federal court. In the meantime, his attorney made status inquiries with the ORA and requested that the case be remanded to HHS for processing because the representation problem had to be resolved. As late as August 26, 1986, plaintiff's attorney was informed that the matter was awaiting the assignment of an ORA attorney. Far from the situation feared by the *Purtill* court of plaintiffs abandoning their agency claims and frustrating the EEOC's efforts to deal with them, in this case the EEOC appears to have abandoned plaintiff's claim. Furthermore, the *Purtill* court's concern with crowding the federal courts with cases that might be mediated by the EEOC is not present in this case, where mediation efforts by the EEO counselor admittedly failed.

The *Purtill* court was not faced with the extreme agency delay present in this case and the potential for administrative proceedings dragging on indefinitely through no fault of the claimant. This problem is particularly distressing in the context of age discrimination, where lengthy delays

by the EEOC could avoid the case altogether. To require a final determination by the agency in such a case would place an undue burden on the elderly and could result in age discrimination claimants routinely initiating proceedings in the federal courts to avoid the unchecked potential for delay at the agency level. This would indeed frustrate the potential for early agency conciliation, which the *Purtill* court sought to protect.

The *Limongelli* case, citing the *Purtill* holding with approval, is even more readily distinguishable from this case. The *Limongelli* court dismissed for failure to exhaust administrative remedies one of the plaintiff's claims that had not been presented to the EEOC at all, but had been raised for the first time at trial in federal court. Therefore, the plaintiff had not given the agency thirty days' notice of the intent to sue on that claim, and he had not filed a complaint with the EEOC with respect to that claim. The court cited the *Purtill* discussion of the two options open to federal employees with age discrimination claims. The court explained that a federal employee may either give thirty days' notice of intent to sue or "file charges with the EEOC, await its final determination, and file an action in federal court if he is dissatisfied." 707 F.2d at 373. While this language suggests that a "final determination" of an agency complaint may be required before an action may be brought in federal court under § 15 of the ADEA, the court was not presented with the question in this case of whether a plaintiff must await a final determination in the face of extreme delays by the EEOC, violative of its own regulations. As stated by the Ninth Circuit in *Nabors v. United States*, 568 F.2d 657, 660 (9th Cir.1978), "holding an employee to his original choice between administrative relief and a civil action could simply serve to discourage him from choosing the administrative route. This can hardly have been the congressional intent, and certainly would not serve the interests of an already overburdened judicial system." *Id.* at 660 (holding that a trial *de novo* is appropriate in federal court following prior agency action under ADEA).

Thus, in the absence of controlling authority to the contrary, the Court holds that a final determination of a prior EEOC action under § 15 of the ADEA is not a prerequisite to filing suit in federal court, when such a determination is delayed, through no fault of the claimant, significantly beyond EEOC regulations for the processing of complaints.

### B. *Class Certification.*

■ Plaintiff seeks to certify, under Rule 23 of the Federal Rules of Civil Procedure, a class defined as "all ROFEC architects and engineers who were ROFEC employees in 1984, and who, upon learning of HHS's decision to involuntarily reassign them to either Dallas, Seattle or New York resigned, retired or left their ROFEC employment in some manner under the reasonable expectation of such directed reassignment." Plaintiff contends that the class as defined meets the requirements of Federal Rule of Civil Procedure 23(a) and (b)(2).

For the reasons discussed below, the Court certifies the class as redefined to include: all ROFEC architects and engineers who were ROFEC employees as of January 1, 1984, and who, upon learning of HHS's decision to involuntarily reassign them to either Dallas, Seattle, or New York, or who, under the reasonable expectation of such directed reassignment, *retired* from ROFEC employment.

The class as redefined by the Court meets the requirements of Rule 23(a) and (b)(2). First, the class is so numerous that joinder of all members is impracticable. While the class as redefined will only include about twenty-seven members, the class members are geographically diverse and, as retirees, may not have the means to bring individual suits.

Second, there are questions of law or fact common to the class. All class members allegedly retired from the ROFEC as a result of the decision to consolidate the regional offices. The common question of law is whether HHS violated the ADEA when it consolidated the ten ROFEC offices into three, allegedly with the knowl-

edge that ninety percent of the employees affected were over the age of forty.

Third, the claims of the class representative, Wilhelm H. Tietz, are typical of the claims of the class. All class members in the redefined class, including Tietz, claim that the directed reassignment was a violation of the ADEA, forcing them to retire, and that they are entitled to back pay and reinstatement.

Fourth, the class representative will fairly and adequately represent the interests of the class. The Court is convinced that counsel for plaintiff class is capable of protecting the class interests. The redefinition of the class to include only those who retired, and not those who relocated, transferred to another agency, or resigned with severance pay, should resolve any problems of conflicting interests between the class members and the class representative. However, should the Court later find that the class representative's interests are antagonistic to those retirees under discontinued service retirement, the Court may further redefine the class or take other appropriate action to insure adequate representation.

Finally, Federal Rule of Civil Procedure 23(b)(2) is satisfied because the Secretary has acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

Accordingly,

IT IS HEREBY ORDERED that:

1. The Secretary's motion to dismiss for failure to exhaust administrative remedies, or, in the alternative, for summary judgment, is denied.

2. Plaintiff's motion for class certification under Federal Rule of Civil Procedure 23(a) and (b)(2) is granted, and the class is certified as redefined by the Court above, with Tietz as class representative.

3. The Secretary's unopposed motion to strike the jury demand is granted.

4. The Secretary's unopposed motion to dismiss the unnamed doe defendants is granted.

5. The Secretary's motion to dismiss the claim for liquidated damages is granted. Liquidated damages are not available under § 15 of the ADEA, as a matter of statutory interpretation and sovereign immunity. *See, e.g., Chambers v. Weinberger*, 591 F.Supp. 1554, 1557–58 (N.D. Ga.1984).