57 F.3d 1076
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Judith M. CIPOLLA, Plaintiff-Appellant,
v.
ARIZONA DEPARTMENT OF ECONOMIC SECURITY; David Lowenberg,
Acting DES Director; Timothy Schaltz, Assistant Director;
Marsha Porter, Program Administrator; Christopher Dixon,
District V Program Manager; Rita Schmidt, District V
Assistant Program Manager; and Shirley Burton, District V
Human Service Supervisor individually and in their official
capacities, Defendants-Appellees.
 No. 93-16599.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1995.*
Decided June 9, 1995.
 
 1
 Before: BRUNETTI and KOZINSKI, Circuit Judges, and SHADUR, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 1. Cipolla's claims under 42 U.S.C. Sec. 1983 against the DES and all of the individually-named defendants in their official capacities were properly dismissed because neither a state nor any of its officials sued in an official capacity is a "person" suable under section 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64-71 (1989). Cipolla's 1983 claim must fail even if it's construed as naming some of the defendants in their individual capacities, because it fails to allege how these defendants deprived her of federally protected rights. See Baker v. McCollan, 443 U.S. 137, 142 (1979) (public official liable under section 1983 only if he caused plaintiff to be deprived of constitutional right); Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir.1982) (even pro se complaint must allege specific facts in order to survive motion to dismiss).
 
 
 4
 2. The ADEA requires that a party file charges of age discrimination with the EEOC before filing a complaint in district court. 29 U.S.C. Sec. 626(d). Although Cipolla filed an EEOC charge, she alleged discrimination on the basis of sex, not age. The EEOC, which looked in vain for evidence of sex discrimination, did not have an opportunity to investigate the complaint's allegation of age discrimination. Since Cipolla has not exhausted her administrative remedies, the district court properly dismissed her ADEA claim. Limongelli v. Postmaster General, 707 F.2d 368, 373 (9th Cir.1983).
 
 
 5
 3. Cipolla's pendent state law claims for wrongful discharge and intentional infliction of emotional distress against the DES and the individual defendants in their official capacities are barred by the Eleventh Amendment. See Pennhurst II, 465 U.S. at 106. The Eleventh Amendment does not bar state claims against the officials acting in their individual capacities. Pena v. Gardner, 976 F.2d 469 (9th Cir.1992). Although the district court dismissed the entire complaint on the grounds of Local Rule 11(i), we affirm the dismissal of the remaining state law claims because, without jurisdiction over the federal claims, the district court also lacked jurisdiction over the state law claims. 28 U.S.C. Sec. 1367.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3