United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 16, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————

No. 02-41584

(Summary Calendar)

————————

JOYCE FORTENBERRY

Plaintiff - Appellant,

versus

STATE OF TEXAS; TEXAS DEPARTMENT OF HUMAN SERVICES

Defendants - Appellees.

Appeal from the United States District Court
For the Eastern District of Texas
USDC No. 6:01-CV-302

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Joyce Fortenberry ("Fortenberry") appeals the district court's grant of

summary judgement in favor of the Texas Department of Human Services ("TDHS"), and the State

of Texas (collectively, "Respondents") dismissing Fortenberry's discrimination claims under the

---

[*] Pursuant to 5TH CIR. R. 47.5, t he court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Family and Medical Leave Act ("FMLA") and Title VII for disparate treatment, failure to promote, hostile work environment, retaliation and constructive discharge. Additionally, Fortenberry filed a motion to supplement the record with additional evidence.[1]

Issues submitted to the court that are inadequately briefed are considered abandoned. *Cinel v. Connick,* 15 F.3d 1338, 1345 (5th Cir. 1994). "Although we liberally construe the briefs of *pro se* appellants, we also require that arguments must be briefed to be preserved." *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Only issues "presented and argued in the brief will be addressed." *Id.* We will not consider claims first raised in the reply brief. *Id.* Fortenberry raises the issue of constructive discharge for the first time in her reply brief. Although she mentions her FMLA claim in her initial brief, she does not argue her claim nor does she ever address the Eleventh Amendment immunity defense that was dispositive in the district court ruling. Both claims are abandoned.

Fortenberry does adequately address her Title VII claims under theories of disparate treatment, failure to promote, hostile work environment and retaliation. We review a grant of summary judgment *de novo* and apply the same standard used by the trial court. *Stults v. Conoco, Inc.,* 76 F.3d 651, 654 (5th Cir. 1996). Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

---

[1]In her brief, Fortenberry includes a motion challenging the district court's refusal to grant a default judgment. We review the denial of a default judgment for abuse of discretion. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292 & n.1 (5th Cir. 2000). Default judgments are generally disfavored in the law, *id.* at 292, and there is a strong policy to decide cases on the merits, *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Respondents filed their answer six days late, but Fortenberry demonstrated no prejudice for the late filing. The trial court did not abuse its discretion by denying the motion.

judgment as a matter of law." Fed. R. Civ. P. 56(c). To defeat summary judgment, the nonmoving party must establish a *prima facie* case by proving each element. *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1085 (5th Cir. 1994). We resolve factual issues in the favor of the nonmoving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)

Fortenberry alleges Respondents engaged in racially disparate treatment. Title VII makes it unlawful to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race . . . " 42 U.S.C. § 2000e-2(a)(1). Plaintiff bears the burden of showing both disparate treatment and discriminatory motive. *Johnson v. Chapel Hill Indep. Sch. Dist.,* 853 F.2d 375, 381 (5th Cir. 1988). There are two methods for establishing a *prima facie* case of disparate treatment: direct and indirect (or inferential). *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1085 (5th Cir. 1994). The direct method requires evidence which, if believed, "proves the fact [of discriminatory animus] without inference or presumption." *Id*. Fortenberry fails to provide any direct evidence of discrimination.

When direct evidence of discrimination is absent plaintiffs may rely on the indirect or inferential method. *Id*. The three-step McDonnell Douglas test structures the method. *Id*. at 1087. The plaintiff must first establish a *prima facie* case of racial discrimination by showing: 1) she belongs to a protected class; 2) she was qualified to do her job; 3) despite her qualifications, her employment situation was adversely affected; 4) and her position was filled by someone outside the protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824 (1973). If the plaintiff is successful, the burden shifts to the defendant to proffer a legitimate, nondiscriminatory reason for its decision. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093 (1981). Finally, the plaintiff may attempt to demonstrate that the defendant's proffered

3

explanation is pretextual. *Id*. To establish a *prima facie* case of discrimination a plaintiff must show that she suffered an "ultimate employment decision." *Felton v. Polles*, 315 F.3d 470, 486 (5th. Cir. 2002). "Ultimate employment decisions include acts 'such as hiring, granting leave, discharging, promoting and compensating.'" *Id*. (quoting *Dollis v. Rubin*, 77 F.3d 777, 782 (5th Cir. 1995)).

Fortenberry complains that she was unfairly reprimanded for wearing jeans to work, was not given certain responsibilities in violation of her tenure, was verbally mistreated, and was given a bad and allegedly inaccurate evaluation. None of these actions by themselves rise to the level of an ultimate employment decision. At no point was Fortenberry's employment status or benefits affected by these actions. Although it appears that Fortenberry's decision to resign her employment was influenced by these events, that ultimate decision was her own. A *prima facie* case for disparate treatment has not been made.

Fortenberry complains that Respondents failed to promote her. To establish a *prima facie* case of failure to promote the plaintiff must show: 1) she belongs to a group protected by Title VII; 2) she applied for and was qualified for a job for which the employer was seeking applicants; 3) despite her qualifications she was rejected; and 4) after her rejection the position remained open and the employer continued to seek applicants among persons having plaintiff's qualifications. *Jefferies v. Harris County Community Action Association*, 906 F.2d 177 (5th Cir. 1990). Fortenberry provides no evidence that she applied for a position for which she was qualified and was denied promotion while the position remained open. She has not made out a *prima facie* case of failure to promote.

Fortenberry complains that she was subject to a hostile work environment due to her race. To establish a hostile work environment claim under Title VII a plaintiff must show: 1) she belongs

4

to a protected group; 2) she was subject to unwelcome harassment; 3) the harassment complained of was based on race; 4) the harassment complained of affected a term, condition or privilege of employment; 5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002). "For harassment on the basis of race to affect a term, condition, or privilege of employment, as required to support a hostile work environment claim under Title VII, it must be 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Id*. (citing *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 370 (1993)). In determining whether a work environment is "hostile" or "abusive" we must look to the circumstances including "frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris*, 510 U.S. at 23, 114 S.Ct. at 371.

Fortenberry points to two incidences almost two years apart where a co-worker used a racial slur in speaking to her. In each case Respondents took remedial action to deal with the offending party. The first incident resulted in the co-worker taking a day of administrative leave, and the second incident was under investigation when the co-worker resigned her employment. Fortenberry points to another incident where her supervisor commented on a blonde wig worn by a black client and asked Plaintiff if she wanted to be a "dishwater blonde." Finally, she points to intimidating stares by the husband of one of the aforementioned co-workers. It is not clear that either one of these two incidences were racially motivated and the latter did not involve an employee of the Respondents. Although troubling, these incidences did not affect a term, condition or privilege of employment; and because these were isolated incidences over a long period of time they were not sufficiently severe

5

or pervasive to constitute an abusive or hostile work environment Fortenberry can not establish a prima facie case of a hostile work environment.

Lastly, Fortenberry complains that she faced retaliation from her supervisor due to her filing a charge with the EEOC. To survive summary judgment on a retaliation claim, the plaintiff must demonstrate the following: 1) the plaintiff engaged in a protected Title VII activity; 2) an adverse employment action occurred; and 3) a causal link connected the protected activity with the adverse action. *Banks v. East Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003). Only ultimate employment decisions such as "hiring, granting leave, discharging, promoting, and compensating" qualify as adverse employment actions. *Id.* Accordingly, Title VII does not cover "every decision made by employers that arguably might have some tangential effect upon those ultimate decisions." *Id.*

Fortenberry's decision to file a complaint with the EEOC is a protected activity. However, she has not shown that she suffered an adverse employment action, or that it resulted from her filing of the complaint. Fortenberry points only to her bad evaluation, which does not constitute an ultimate employment decision. She has not made out a case for retaliation.

The motion to supplement the record is DENIED.

The district court's judgment is AFFIRMED.